RAILROAD COMPANY *v.* ALABAMA.

1. *Railroad Company* v. *Tennessee* (*supra*, p. 337) cited and approved.
2. Where the statute of Alabama subjecting her to suit in her courts was in force at the time when a contract with her was made and a suit thereon brought, but their functions were essentially those of a board of audit, and the plaintiff had no means of enforcing the payment of a judgment or a decree in his favor, — *Held*, that the repeal of the statute deprives the court of jurisdiction to proceed, and is not in violation of the contract clause of the Constitution of the United States.

ERROR to the Supreme Court of the State of Alabama.

The Revised Code of Alabama contains the following provisions : —

" SECT. 2534. *State may be sued by citizens, or domestic corporations.* A citizen of this State, or a domestic corporation, may bring suit against the State of Alabama, in the circuit or chancery court of the county in which he resides, or in which such corporation is located, which must, in all respects, be governed by the same rules as suits between individuals.

" SECT. 2535. *Solicitor of circuit defends for the State.* The solicitor of the circuit in which the suit is pending must attend to the suit on the part of the State, and the governor may, if necessary, employ assistant counsel, and the judge of the court determine the compensation.

" SECT. 2536. *Comptroller to pay judgment, on certificate of the judge and clerk, after six months.* If judgment be rendered against the State, it is the duty of the comptroller, on the certificate of the clerk of the court, together with that of the judge who tried the cause, that the recovery was just, to issue his warrant for the amount, but no certificate must issue until six months after the recovery of judgment.

" SECT. 2571. *Summons left with governor when State is sued.* When the State of Alabama is a defendant, the summons must be executed by leaving a copy of the summons and complaint with the governor.

" SECT. 3323. *The State may bring suit in chancery and be defendant therein.* The State may sue and be sued, by a citizen of the State, or domestic corporation, in chancery, and the suit is governed by the same rules as suits between individuals. The solicitor

of the circuit in which the suit is pending must attend to the same on the part of the State, and the governor may employ assistant counsel, if he deem it necessary, and the Chancellor may determine the amount of compensation; and if unsuccessful, the State is liable for costs as individual suitors are. The direction of the executive of the State, in writing, is sufficient authority to the attorney for bringing such suit."

These provisions are substantially the same as those contained in the Revised Code of 1852, and were in force when the act of Feb. 18, 1860, was passed, loaning and appropriating what is known in her legislation as the three per cent fund.

The South and North Alabama Railroad Company, a corporation chartered by the laws of that State, brought a suit in chancery against her April 4, 1874, in the Chancery Court of Montgomery County. It claimed title to that fund under her contract and legislation, and prayed for an account. The State, by her law officer, appeared and answered. An amended bill was filed Dec. 21, 1874.

The following act was approved Dec. 18, 1874: —

"SECT. 1. Be it enacted by the General Assembly of Alabama, that sections numbered two thousand five hundred and thirty-four (2534), two thousand five hundred and thirty-six (2536), two thousand five hundred and seventy-one (2571), and three thousand three hundred and twenty-three (3323) of the Revised Code of Alabama be, and the same are, hereby repealed.

"SECT. 2. Be it further enacted, that all laws and parts of laws in conflict with the provisions of this act, or which make any provisions for bringing or conducting suits against this State, be, and the same are, hereby repealed."

The State, by her Attorney-General, moved the court, May 11, 1875, to dismiss the cause, on the ground that there was then no law authorizing suits to be brought against her, and that the suit could not be further maintained because the law which may have authorized its institution had been repealed.

The court sustained the motion and dismissed the suit at the costs of the complainant. The Supreme Court on appeal affirmed the order of dismissal, and the company sued out this writ.

The cause was argued by *Mr. Samuel F. Rice* and *Mr. Thomas G. Jones* for the plaintiff in error, and submitted on brief by *Mr. John T. Morgan* for the defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This case, like that of *Railroad Company* v. *Tennessee* (*supra*, p. 337), presents the question of the constitutionality of a law taking away the right to sue a State on its contracts. The Constitution and laws bearing on the question are much the same in Alabama as in Tennessee; but in Alabama it was provided "that if judgment should be rendered against the State, it was the duty of the comptroller, on the certificate of the clerk of the court, together with that of the judge who tried the cause, that the recovery was just, to issue his warrant for the amount, but no certificate could issue until six months after the recovery of the judgment." Code 1867, sect. 2536. It was also the duty of the treasurer to pay all warrants drawn on him by the comptroller under the authority of law (Code, sect. 422); but the Constitution, in force then and now, provided in express terms that no money should be drawn from the treasury but in consequence of appropriations made by law. Const., 1834 and 1870, art. 2, sect. 24.

The proceedings in this case were begun while these laws were in force; but before final hearing the laws were repealed, and thereupon, on. motion of the State, the suit was dismissed for want of jurisdiction. The Supreme Court affirmed this decision; and the question is, therefore, directly presented by this writ of error, whether the repealing statute is valid and constitutional as against this plaintiff in error, so far as it affects the present cause of action, which accrued while the right to sue existed.

We are unable to see any substantial difference between this case and that of *Railroad Company* v. *Tennessee*, *supra*. Under both the Tennessee and Alabama statutes the courts are made little else than auditing boards. If funds are not voluntarily provided to meet the judgment, the courts are not invested with power to supply them. In Alabama, a warrant for the payment may be secured, but the State may stop payment by withhold-

ing an appropriation. Perhaps the judgment creditor may take one step further towards the collection in Alabama than he can in Tennessee; but both States may refuse to pay, that is, may refuse to make the necessary appropriation, and the courts are powerless to compel them to do so. In neither State has there been granted such a remedy for the enforcement of the contracts of the sovereignty as may not, under the Constitution of the United States, be taken away.

*Judgment affirmed.*

MR. JUSTICE SWAYNE dissented.

MR. JUSTICE STRONG took no part in deciding this case.

NOTE. — At a subsequent day of the term a petition for rehearing was filed.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

We have examined with care the cases in Alabama referred to in the elaborate brief filed with this petition, and are unable to see that they decide more than that a judgment creditor is entitled to his warrant on the treasury for the amount of his recovery. No case has gone beyond this. The treasurer must pay the warrant when issued, if he has funds in his hands appropriated for that purpose; but if there has been no appropriation, he cannot any more pay a warrant issued on a judgment than one lawfully issued without a judgment. Take this case as an illustration. The demand made by the railroad company is an extraordinary one, and involves a large amount of money. Should a recovery be had, and the warrant paid without reference to the specific appropriations, which had been made by the legislature, of the funds in the treasury, it would almost of necessity embarrass the government in its daily operations. The constitutional provision referred to in our former opinion was, among other things, intended to meet just such a state of facts. Knowing what appropriations are made, the legislature provide the funds to meet them. If, from any cause, an unusual claim arises, the parties must wait for the payment until the legislature can provide the money. The case is precisely like that of a judgment in the Court of Claims against the United States. By the Constitution of the United States no " money shall be drawn from the treasury but in consequence of appropriations made by law." Art. 1, sect. 9. Hence the party who gets a judgment must wait until Congress makes an appropriation before his money can be had.

*Petition denied.*