BOWERS, INDIVIDUALLY AND AS COLLECTOR, *v.* NEW YORK & ALBANY LIGHTERAGE COMPANY.

SAME *v.* SEAMAN.

SAME *v.* FULLER.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

Nos. 366, 367, 368. Argued January 5, 1927.—Decided February 21, 1927.

The provision of § 250-d of the Revenue Act of 1921 that no "suit or proceeding" for the collection of the income, excess profits and other taxes mentioned, due under that or prior Acts, shall be begun after five years from date when return was filed, applies not only to suits in court but also to "proceedings" to collect such taxes by distraint. P. 348.

10 F. (2d) 1017, affirmed.

CERTIORARI (271 U. S. 658, 659) to judgments of the Circuit Court of Appeals which affirmed judgments against the collector in the District Court in three suits to recover back income and excess profits taxes which he had collected from the respondents here by distraint.

*Mr. Charles T. Hendler,* Special Attorney, Bureau of Internal Revenue, with whom *Solicitor General Mitchell* and *Mr. A. W. Gregg,* General Counsel, Bureau of Internal Revenue, were on the brief, for the petitioner.

*Winifred Sullivan* for the respondent, in No. 366.

*Messrs. Bern Budd, Henry P. Keith,* and *Benjamin Mahler* for the respondent, in No. 367.

*Messrs. George W. Matthews* and *Thomas S. Fuller* or the respondent, in No. 368.

MR. JUSTICE BUTLER delivered the opinion of the Court.

In No. 366, respondent, March 26, 1918, filed its return of income and excess-profits taxes for 1917 and paid the amount shown due. Shortly before the expiration of five years after the return the commissioner assessed and the collector demanded payment of additional income and excess-profits taxes. Respondent refused to pay. More than five years after the return the collector distrained and sold personal property of the respondent to pay the amount claimed.

In No. 367, respondent, February 28, 1917, filed his return of income taxes for 1916 and paid the amount shown due. Later an additional tax was assessed; and, more than five years after the return, the collector sought to enforce payment by distraint. Respondent brought suit to restrain the collection on the ground that it was barred by the limit fixed by § 250 (d), Revenue Act of 1921 (c. 136, 42 Stat. 227, 265), and that respondent had no adequate remedy at law. The district court denied

relief and its decree was affirmed by the Circuit Court of Appeals. 297 Fed. 371. The latter expressed the view that distraint was barred, and held that respondent had an adequate remedy at law. Later the collector enforced payment by distraint.

In No. 368, respondent, February 27, 1917, filed his income tax return for 1916 and paid the amount shown due. The commissioner, February 27, 1922, assessed an additional income tax. In 1924 the collector enforced payment by distraint.

Each respondent sued in the southern district of New York to recover the amount so collected. Judgments for respondents were affirmed in the Circuit Court of Appeals. 10 F. (2d) 1017. Writs of certiorari were granted. 271 U. S. 658, 659.

The question for decision is this: Where, under the tax laws enacted prior to the Revenue Act of 1921, income and excess-profits taxes were assessed within five years after filing return, does § 250 (d) of that Act bar collection by distraint proceedings begun after the expiration of the five-year period?

The part of the subdivision that has a bearing is printed in the margin.[1] The clause in controversy is: " No suit

---

[1] The amount of income, excess-profits, or war-profits taxes due under any return made under this Act for the taxable year 1921 or succeeding taxable years shall be determined and assessed by the Commissioner within four years after the return was filed, and the amount of any such taxes due under any return made under this Act for prior taxable years or under prior income, excess-profits, or war-profits tax Acts . . . shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes due under this Act or under prior income, excess-profits, or war-profits tax Acts . . . shall be begun, after the expiration of five years after the date when such return was filed, but this shall not affect suits or proceedings begun at the time of the passage of this Act.

or proceeding for the collection of any such taxes . . . shall be begun, after the expiration of five years after the date when such return was filed." Petitioner insists that the word "proceeding" refers only to a proceeding in court and means the same as "suit"; and that the Act prescribes no limitation against the collection of such taxes by distraint.

There are two methods to compel payment. One is suit, a judicial proceeding; the other is distraint, an executive proceeding. The word "proceeding" is aptly and commonly used to comprehend steps taken in pursuit of either. There is nothing in the language or context that indicates an intention to restrict its meaning, or to use "suit" and "proceeding" synonymously.

The purpose of the enactment was to fix a time beyond which steps to enforce collection might not be initiated. The repose intended would not be attained if suits only were barred, leaving the collector free at any time to proceed by distraint. In fact, distraint is much more frequently resorted to than is suit for the collection of taxes. The mischiefs to be remedied by setting a time limit against distraint are the same as those eliminated by bar against suit. Under petitioner's construction taxpayers having no property within reach of the collector would be protected against stale demands, while others would be liable to have their property distrained and sold to pay like claims. The result tends strongly to discredit petitioner's contention.

He maintains that any ambiguity in the clause under consideration must be resolved in his favor. Undoubtedly the United States will not be held barred by a general statute of limitation unless, upon a strict construction in its favor, the United States and the claim sought to be enforced fairly may be held to be within the terms and purpose of the statute. *Dupont De Nemours & Co.* v. *Davis,* 264 U. S. 456, 462. That rule rests upon

the general principle of policy applicable to all governments that the public interest should not be prejudiced by the default or negligence of public officers. *United States* v. *St. Paul, M. & M. Ry. Co.*, 247 U. S. 310, 314. The limitation applies to petitioner and to the claims. It applies to suit; the only question is whether it also bars distraint. The provision is a part of a taxing statute; and such laws are to be interpreted liberally in favor of the taxpayers. *Eidman* v. *Martinez*, 184 U. S. 578, 583; *Shwab* v. *Doyle*, 258 U. S. 529, 536. There has been suggested no principle of public policy or other consideration that furnishes any reasonable support for the setting of a limitation against only one of the two authorized methods of enforcing collection.

The provision is to be applied in harmony with the intention reasonably to be inferred from its terms and the circumstances of its enactment. Cf. *United States* v. *Oregon Lumber Co.*, 260 U. S. 290, 299. Prior to the Revenue Act of 1918 there was no limitation against suit to collect income taxes. Section 250(d) of that Act (40 Stat. 1083) required assessment within five years after return, and prohibited the commencement of suit or proceeding to collect such taxes after that period. This bar was held to apply only in respect of taxes for 1918 and later years. Then § 250(d) of the Act of 1921 made the limitation apply against collection of taxes under all the earlier Acts; and, in pursuance of a legislative purpose to require more prompt action upon the part of the commissioner and collectors, prescribed the five-year period for determination and assessment of taxes under earlier Acts but allowed only four year as to those for 1921 and succeeding years. The same purpose is shown by the requirement that the commissioner, within one year after request by their personal representatives, shall make assessments on income received by deceased persons. These stricter limitations applicable to taxes for the later

period make against the petitioner's contention that the Act sets no bar against collection by distraint. A reasonable view of the matter is that it was the intention of Congress by the clause here in question to protect taxpayers against any proceeding whatsoever for the collection of tax claims not made and pressed within five years.

Petitioner's construction of the limitation is inconsistent with the provision immediately preceding it. " The amount of any such taxes due under any return . . . shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and *collection* of the tax." If collection by distraint were not barred by § 250(d) it would not be necessary to have this general consent of taxpayers that collection, as well as determination and assessment, might be made after the lapse of the prescribed period.

Later legislation assumes that the limitation under consideration applies to distraints as well as to suits. See § 278(d) and (e), Revenue Act of 1924, c. 234, 43 Stat. 253, 300. Section 278(d) provides that, where assessment is made within the prescribed time, the tax may be collected by distraint or by a proceeding in court within six years after the assessment. And § 278(e) provides: " This section shall not authorize the assessment of a tax or the collection thereof by *distraint* or by a proceeding in court if at the time of the enactment of this Act such assessment, *distraint*, or proceeding was barred by the period of limitation then in existence." This plainly implies that distraint might be barred. And the limitation prescribed by § 250(d) is the only one that could have that effect. See also § 278(d) and (e), Revenue Act of 1926, c. 27, 44 Stat. 9, 59.

The word " proceedings " is rightly used as descriptive of steps taken for the distraint and sale of property to enforce payment of taxes. See *Parker* v. *Rule's Lessee,*

9 Cranch 64, 70; *Murray's Lessee* v. *Hoboken Land and Improvement Co.*, 18 How. 272; *Sheridan* v. *Allen*, 153 Fed. 568. Cf. *Scottish Union & Nat. Ins. Co.* v. *Bowland*, 196 U. S. 611, 632, 633; *Hale* v. *Henkel*, 201 U. S. 43, 66. In a later part, subdivision (g.), of § 250, " proceedings " is used broadly in reference to steps for the collection of taxes. Obviously its meaning is not there limited to collection by suit. And in other parts of the Internal Revenue Laws, enacted before this controversy arose, that word is used as descriptive of steps taken to distrain and sell personal property and to seize and sell real estate for the collection of taxes. See R. S., §§ 3194, 3199, 3200, 3203; side-notes to §§ 3190 and 3197.[2] Section 250(d) of the Act of 1921 and these sections of the Revised Statutes relate to the same subject and are to be construed together.

It is clear that the meaning of " proceeding " as used in the clause of limitation in § 250(d), Revenue Act of 1921, cannot be restricted to steps taken in a suit; it includes as well steps taken for the collection of taxes by distraint.

*Judgments affirmed.*

1. A hearing before a Board of Special Inquiry, in an immigration proceeding, was not rendered unfair by mere delay in its com-

---

[2] By § 2, c. 140, Act of June 27, 1866, 14 Stat. 74, the commissioners appointed to revise the laws of the United States were directed to arrange " side-notes so drawn as to point to the contents of the text." The side-notes at §§ 3190 and 3197, above referred to, appear in the first edition of the Revised Statutes and were carried into the second edition.