**GILE et al. v. HUNTLEY, Collector of Internal Revenue.**

District Court, D. Oregon. August 13, 1928.

No. 9816.

Wm. H. Trindle, of Salem, Or., for plaintiffs.

Forrest E. Littlefield, Asst. U. S. Atty., of Portland, Or., for defendant.

BEAN, District Judge. On March 30, 1918, the plaintiffs filed with the collector of internal revenue a partnership income tax return, and partnership excess profits tax return, for the fiscal year ending August 31, 1917, showing a net loss of $2,315.40. In December, 1922, the Commissioner disallowed certain claimed deductions and assessed against the plaintiffs a war excess profits tax of $15,082.45. On March 23, 1923, the plaintiffs filed a claim for abatement, which was disallowed May 22, 1924. No proceedings were taken to collect the tax until September 6, 1924, or more than six years after the returns were filed, when a warrant of distraint was issued by the collector, under which there was secured from the plaintiffs by compulsion, and under duress, the tax and penalty, amounting to $18,696.97. On January 30, 1925, the plaintiffs filed a claim for refund which was denied on May 19th of the same year, and this action was commenced March 17, 1926.

The Revenue Act of 1921, by section 250 (42 Stat. 264) provides that no suit or proceeding for the collection of the tax "shall be begun after the expiration of five years after the date when such return was filed." The return in this case having been filed in March, 1918, and tax collected by distraint in September, 1924, it is conceded by the defendant that under the decision of the Supreme Court in Bowers v. Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676, the collection was illegal and unlawful, and plaintiffs are entitled to recover the amount so paid, unless the right is taken away by sections 607 and 611 of the Revenue Act of 1928. 26 USCA §§ 2607, 2611. Section 607 provides that "any tax * * * assessed or paid * * * after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment,

and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim." And section 611 that, if any tax was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, and if the collection was stayed, the payment made before or within one year after the enactment of this act shall not be considered an overpayment within the provisions of section 607.

The position of the defendant is that, although the collection of the tax in question was wrongful, illegal, and in violation of the law, the right of the taxpayer to recover the same is taken away by legislative fiat while his action was pending, and more than three years after the right of action accrued.

I am unable to concur in this view. I acknowledge some difficulty in understanding the purpose and effect of the sections of the act of 1928 referred to. It was probably the intention to define what would constitute overpayment, and the duty and authority of the Commissioner in respect thereto; but in my opinion it was not designed to deprive the taxpayer of a vested right of action to recover tax forcibly collected from him by officers of the government contrary to and in violation of the law. The plaintiffs' right of action is not based on the act of 1928, but on sections 3220, 3226 (26 USCA §§ 149, 156), and 3227 of the Revised Statutes, and therefore is not subject to the limitations contained therein.

It follows therefore that the plaintiffs are entitled to the relief demanded, and it is so ordered.