## WALSH v. PRICE, Collector of Internal Revenue.

District Court, E. D. New York. November 20, 1928.

No. 3564.

Harold L. Turk, of Brooklyn, N. Y., for plaintiff.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y., and Murray Boxer, Asst. U. S. Atty., of New York City, for defendant.

CAMPBELL, District Judge. This is an action to recover $8,000 in Liberty bonds deposited by the plaintiff with the collector of

internal revenue of the First district of New York, to secure the performance of the obligation of a certain bond given by him to the said collector of internal revenue.

The plaintiff filed his income tax return for the year 1917, about March 15, 1918. An audit and review of the return resulted in the assessment on the December, 1920, list of an additional amount, $8,337.82.

A claim for abatement was filed by the taxpayer and was allowed in the amount of $4,195.80, leaving outstanding $4,142.02.

On November 16, 1925, the plaintiff signed a paper of which the following is a copy:

"Enc. to A & C Mim. 3341     Nov 16 1925
     "Income and Profit Tax Waiver

"In order to enable the Bureau of Internal Revenue to give thorough consideration to any claims for abatement or credit filed by or on behalf of James A. Walsh of — Plaza, Brooklyn, New York, covering any income, excess-profits or war-profits tax assessed against the said taxpayer under the existing or prior Revenue Acts for the years 1917 and 1918, and to prevent the immediate institution of a proceeding for the collection of such tax prior to the expiration of the six year period of limitation after assessment within which a distraint or a proceeding in court may be begun for the collection of the tax, as provided in Section 278(d) of the existing Revenue Act, the said taxpayer hereby waives any period of limitation as to the time within which distraint or a proceeding in court may be begun for the collection of the tax, or any portion thereof, assessed for the said years, and hereby consents to the collection thereof by distraint or a proceeding in court begun at any time prior to the expiration of this waiver.

"This waiver is in effect from the date it is signed and will remain in effect until December 31, 1926.

                    "James A. Walsh, Taxpayer.
                         "By: ..........

"If this waiver is executed on behalf of a corporation, it must be signed by such officer or officers of the corporation, as are empowered under the laws of the State in which the corporation is located to sign for the corporation, in addition to which, the seal, if any, of the corporation must be affixed."

About December 22, 1926, the defendant collector made a demand on the plaintiff for the balance of the tax outstanding, which plaintiff refused to pay, and the defendant collector then seized the plaintiff's bank account by the issuance of a distraint warrant and the filing of a lien.

To release the lien and the distraint warrant, the plaintiff signed a paper of which the following is a copy:

"Know all men by these presents: That I, James A. Walsh of — Plaza Street, Borough of Brooklyn, County of Kings, City and State of New York, am held and bound unto the United States of America in the sum of Eight thousand Dollars ($8,000.00) lawful money of the United States, for the payment of which, well and truly to be made unto Warren G. Price, Collector of Internal Revenue, First District of New York, or his successor in said office, I bind myself, my heirs, executors and administrators by these presents.

"In witness my hand and seal at Brooklyn, New York, this 22nd day of December, in the year Nineteen Hundred and Twenty Six.
     "[Signed]           James A. Walsh.

"The condition of this obligation is such that whereas the United States Commissioner of Internal Revenue has assessed against me upon the income assessment list for the First Collection District of New York, for the month of December 1920 Folio Line 176 the sum of $4,902.94 being additional income tax upon my personal income tax return submitted for the calendar year, Nineteen Hundred and Seventeen, and whereas, it is my contention that the Statute of Limitation in so far as this liability is considered has militated against the collection by the Commissioner of this liability by lapse of the time limited in said Statute, and whereas upon my solicitation the Collector of Internal Revenue for the First District of New York, has postponed and suspended the enforced collection of the foregoing tax upon the filing with him of this bond and obligation, until such time as the determination of the United States Supreme Court in the Matter of the Albany Lighterage Co. vs Bowers is made.

"In the event said decision is rendered against the Lighterage Company, I hereby bind myself, my heirs, executors and administrators, to pay the above mentioned tax with penalties and interest accrued thereupon forthwith upon demand of the said Collector of Internal Revenue or his successor in office.

"Now, therefore, if my contention is based upon a similar and analogous state of fact as that upon which the contention of the Albany Lighterage Co. is predicated; if the United States Supreme Court decides in the matter of the Albany Lighterage Company vs Bowers, that the contention of the Albany Lighterage Company in said case is the pre-

vailing one, and render its decision in favor of said Lighterage Company, to the effect that the collection of the tax in said case is barred by the Statute of Limitation, then this obligation is to be void, otherwise to be in full force and virtue.

"[Signed]  James A. Walsh.

"Signed, sealed and delivered in the presence of

"December 22nd, 1926

"Signed:  Val. C. Maikranz

"James L. Lindsey."

At the same time the plaintiff delivered to the defendant collector Liberty bonds in the sum of $8,000, which bonds, although duly demanded, have not been returned to the plaintiff.

There seem to be only two questions in this case: What is the effect of the so-called waiver and the bond?

This case, like all others, must be tried on the record, which consisted of concessions and documentary evidence, and not upon statements in a brief.

The able brief presented on behalf of the defendant has been of assistance.

■ The collector had no right under the law to collect the tax in question, either by distraint or a proceeding in court, on November 16, 1925, as the time within which he could so proceed had expired. Bowers v. N. Y. & Albany Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676, and had no right to collect by either method in December, 1926, unless it was by reason of the so-called waiver.

The provision of law construed in Bowers v. N. Y. & Albany Co. Case, supra, was a statute of limitations and could be waived by the plaintiff either before or after the expiration of the time limited.

The statute contained provisions for a waiver filed within five years from the date the return for the taxable year 1917 was due, in order to enable the Bureau of Internal Revenue to consider claims for abatement or credit. Section 281(e), Revenue Act 1924 (26 USCA § 1065, note).

■ There is no express provision of law for a waiver after the expiration of the time, and therefore, if such a waiver is given, to be effective it must be freely given.

■ The Bureau of Internal Revenue could not under the law consider any claim for abatement on behalf of the plaintiff, at or after the date of the so-called waiver, to wit, November 16, 1925, as the time within which it could be done had long expired and no waiver had been given or accepted before the time expired.

The immediate institution of a proceeding for collection of such tax prior to the expiration of the six-year period of limitation after assessment, within which a distraint or a proceeding in court may be begun for the collection of the tax, could not be stopped at the time the so-called waiver was signed, because the six-year period had long expired.

■ While I agree with the defendant that the debt itself, although the statute has run, is a sufficient consideration for a waiver of the statute, that does not seem to me to have any bearing on the case at bar, as the considerations moving the plaintiff to execute the so-called waiver in question are set forth in the paper itself, and as none of the things so set forth could be performed by the government or its officers, no consideration expressed in the so-called waiver passed to the plaintiff, and the so-called waiver is void and of no effect.

If no consideration, or a nominal one, had been expressed in the so-called waiver, then it well might be that it could be sustained on the ground that the debt of the unpaid tax was a sufficient consideration; but where there is a complete failure of a consideration which is clearly expressed, the so-called waiver cannot be sustained, as there was no mutuality and no meeting of minds.

■ If, however, there is any question about the validity of the so-called waiver, it seems to me that by the terms of the bond, even if the waiver was effective, recovery was made dependent upon the success of the government in the case of Bowers v. N. Y. & Albany Co., supra, and it seems to be beyond question that such is the proper construction of the bond, if the so-called waiver is ineffective.

A decree may be entered in favor of the plaintiff, without costs.

Settle decree on notice.