**HUNTLEY, Collector of Internal Revenue, v. GILE et al.**

Circuit Court of Appeals, Ninth Circuit.
May 27, 1929.

No. 5626.

George Neuner, U. S. Atty., and Forrest E. Littlefield, Asst. U. S. Atty., both of Portland, Or., and C. M. Charest, Gen. Counsel, and George G. Witter and H. A. Cox, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., for appellant.

Charles E. McCulloch, of Portland, Or., Wm. H. Trindle, of Salem, Or., and Ivan F. Phipps and Carey & Kerr, all of Portland, Or., for appellees.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. The appellees, plaintiffs below, brought this suit to recover $18,696.97 which they allege the appellant, collector, illegally compelled them to pay on account of income and excess profits tax for the fiscal year ending August 31, 1917. Their return was filed March 30, 1918, and the additional tax here in question was assessed in December, 1922. On March 23, 1923, they filed with the defendant a claim for the abatement of the assessment, which was disallowed by the Commissioner of Internal Revenue on May 23, 1924, and on September 11, 1924, they paid the assessment under compulsion of a warrant of distraint issued September 6, 1924. On January 30, 1925, they filed their claim for a refund of the amount so paid, which was disallowed on May 19 of the same year, and on March 17, 1926, they commenced this action. They set up (1) that in point of fact and law there was no basis for the assessment; and (2) that, when the distraint proceedings were instituted, the statute of limitations had run. Without considering the first contention, the court below sustained the second and accordingly gave them judgment as prayed.

Appellant concedes that under the rule of Bowers v. New York & A. L. Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676, the five-year period of limitation prescribed by section 250(d) of the Act of 1921 (42 Stat. 265) constituted a bar at the time the collection was made, and further that, the bar being complete at the time the 1924 act was passed (June 2, 1924), the collection was not authorized under section 278(e) of that Act (26 USCA § 1062 note). In short, it is conceded that, as the statutes stood at the time of the collection, the distraint proceedings were unlawful, and plaintiffs would be entitled to recover but for the provisions of sections 607 and 611 of the Revenue Act of 1928 (26 USCA §§ 2607, 2611), which appellant contends operated to disable plaintiffs to recover unless they show that upon the merits the assessment was invalid. By this section

607 it is declared that any tax assessed or paid after the expiration of the period of limitation properly applicable thereto "shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor" is seasonably filed; and section 611 is as follows: "If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after the enactment of this Act) shall not be considered as an overpayment under the provisions of Section 607, relating to payments made after the expiration of the period of limitation on assessment and collection."

By appellees it is conceded that the payment here in question falls within all the descriptive requirements of this latter section, save possibly the qualifying condition, "if the collection of any part thereof was stayed"; but upon that point it is to be noted that, in the course of the trial, the following colloquy took place in open court between Mr. Littlefield, attorney for appellant, and Mr. McCulloch, attorney for appellees:

"Mr. Littlefield: I think it is admitted, isn't it, Mr. McCulloch, that in that stipulation that you filed a claim of abatement?

"Mr. McCulloch: Yes, your Honor, if there is any virtue in the section of the 1928 act with respect to filing a claim of abatement, the stipulation admits that we did file a claim in abatement and that collection was stayed."

It is true that appellees did not thus in terms admit that the stay was effected by or ensued because of the pendency of the claim in abatement, but we are unable to escape the view that both sides intended to be understood as agreeing that the facts were such as to bring the case within the statutory condition, and that because of such understanding counsel for appellant refrained from offering evidence upon the point.

While textually section 611 is open to construction, upon the whole we are left in no doubt that by it Congress intended to withhold from the taxpayer the right to have refunded money paid by him in the discharge of a valid tax, under the conditions therein stated, where the only objection which could be made to its collection was the expiration of the applicable period of limitation. Otherwise the section is without apparent meaning. To appellees' contention that effect may

be given to it by holding that it was intended to apply only to cases of voluntary payment, the answer is that not only does the language fail to intimate such a limitation, but to the contrary the entire section relates to assessments which the taxpayers by claims for abatement sought to escape and which therefore presumably they unwillingly paid. And, in reporting the bill which afterwards became the Revenue Act of 1928, the Ways and Means Committee made a statement explanatory of the conditions the proposed section 611 was designed to meet, which puts beyond all possibility of doubt the committee's conception of its purpose and intent. It was said:

"Prior to the enactment of the Revenue Act of 1924, it was the administrative practice to assess immediately additional taxes determined to be due. Upon the assessment, taxpayers were frequently permitted to file claims in abatement with the Collector and thus delay the collection until the claim in abatement could be acted upon. If this practice had not been followed, undue hardship undoubtedly would have been imposed upon the taxpayer. It was supposed that there was no limitation upon the collection by distraint of the amount ultimately determined to be due. However, the Supreme Court has recently held in a case in which the period for assessment expired prior to the enactment of the 1924 Act, that the period for collection was limited to five years from the date on which the return was filed. Decisions upon claims in abatement are being made every day. Amounts have been paid, are being paid, by the taxpayer even though the statute of limitations may have run. Exceptionally large amounts are involved. Accordingly, it is of utmost importance to provide that the payments already made should not be refunded. In order to prevent inequality, it is also provided that the amounts not yet paid may be collected within a year after the enactment of the new Act.

"Your Committee appreciates the fact that this provision will probably be subjected to severe criticism by some of the taxpayers affected. However, it must be borne in mind that the provision authorizes the retention and collection only of amounts properly due, and merely withdraws the defense of the statute of limitations. If it is determined that the amount paid is in excess of the prop-er tax liability, computed without regard to the statute of limitations, such excess will constitute an overpayment which may be refunded or credited as in the case of any other overpayment." Report No. 2, 70th Cong., 1st Sess., p. 34.

Under a fair construction we are of the opinion that the section as enacted into law expresses this intent and accordingly that under the admitted facts plaintiffs are entitled to a refund only in case they show that the assessment is invalid upon the merits.

The further contention made is that so construed the statute is invalid because it purports to deprive plaintiffs of a vested right. But no vested right accrues to the taxpayer out of the running of the period of limitation for the collection of a valid tax. Rafferty v. Smith, Bell & Co., 257 U. S. 226, 42 S. Ct. 71, 66 L. Ed. 208; United States v. Heinszen & Co., 206 U. S. 370, 27 S. Ct. 742, 51 L. Ed. 1098, 11 Ann. Cas. 688; Collector v. Hubbard, 79 U. S. (12 Wall.) 1, 20 L. Ed. 272; Haight v. United States (C. C. A.) 22 F.(2d) 367; Campbell v. Holt, 115 U. S. 620, 6 S. Ct. 209, 29 L. Ed. 483; South & N. A. R. Co. v. Alabama, 101 U. S. 832, 25 L. Ed. 973; Beers v. Arkansas, 61 U. S. (20 How.) 527, 15 L. Ed. 991; West Side Belt R. Co. v. Pittsburgh Const. Co., 219 U. S. 92, 31 S. Ct. 196, 55 L. Ed. 107; Brushaber v. Union Pac. R. Co., 240 U. S. 1, 36 S. Ct. 236, 60 L. Ed. 493, L. R. A. 1917D, 414, Ann. Cas. 1917B, 713; Lynch v. Hornby, 247 U. S. 339, 343, 38 S. Ct. 543 (62 L. Ed. 1149).

Inasmuch as pursuant to stipulation the cause was tried by the court without a jury and there was no determination of the question of the validity of the assessment and no findings were made in respect thereof, the judgment will be reversed with leave to both parties to introduce further evidence upon the question, if so advised, and with directions to the court to take further proceedings not inconsistent herewith, including the determination of such issue. Should an appeal be taken by either party from the judgment that shall be entered, it will be unnecessary for the appellant to reprint or otherwise bring up such parts of the record as are embraced in the printed transcript now on file in this court.

Reversed.