## GOODCELL v. GRAHAM et al.

Circuit Court of Appeals, Ninth Circuit.
November 4, 1929.

No. 5833.

Samuel W. McNabb, U. S. Atty., Ignatius F. Parker, and Emmett E. Doherty, Asst. U. S. Atty., all of Los Angeles, Cal., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., and Alva C. Baird, Sp. Atty., Bureau of Internal Revenue, of Los Angeles, Cal., for appellant.

Dan J. Chapin, of Los Angeles, Cal., for appellees.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. The question involved in this case is the proper interpretation of the word "stay" used in section 611 of the Revenue Act adopted by Congress in 1928 (45 Stat. 875, 26 USCA § 2611). The appellees brought an action to recover $9,039.40 taxes they paid under duress to the appellant as Internal Revenue Commissioner on December 3, 1924, for the year 1917, after the five-year period of limitation had run. 26 USCA § 2607, 45 Stat. 874. The appellees predicated their right to recover upon sections 3220 and 3226 of the Revised Statutes (26 USCA §§ 149, 156), and section 250(d) of the Revenue Act of 1921 (42 Stat. 265), as construed in Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676, and Russell et al. v. United States, 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. 255. While the action was pending Congress enacted sections 607 and 611 (26 USCA §§ 2607, 2611), supra, which prohibited a recovery where a claim in abatement had been filed and there had been a stay thereunder. The appellees filed a claim for abatement on February 11, 1920, which was rejected December 27, 1922. Most of the questions involved here were decided by this court in Huntley v. Gile, 32 F.(2d) 857, but in that case it was stipulated that there had been a "stay." Here it is contended that the voluntary act of the collector in suspending or delaying the collection after appellee filed its claim for abatement was not a "stay" within the meaning of the statute. The view advanced is that to be a "stay" within the meaning of this statute there must have been a legal inhibition against the collection of the tax, or as it is said, a "legal" stay.

The word "stay," in its varying forms, has numerous definitions, and is applied to somewhat widely differing acts and things, with, however, the general underlying idea of the stoppage or suspension of movement. The following definitions seem pertinent:

"Stay" (used as a transitive verb, with the preterite and past participle stayed) is in Webster's New International Dictionary (1913) among other things defined as:

"4. To hold from proceedings; to stop; check; restrain; also, to hinder; delay; detain; postpone; keep back; specif. to stop, or more usually suspend, the progress

of by judicial proceedings or executive mandate" * * *

"Stay" (used as an intransitive verb, in same dictionary):

"(From stay to hold up; from the idea of standing firm.)

"1. To rest; depend; rely; stand. * * *

"2. To cease from any motion or course of action; specif.:

"a. To come to an end; to cease; stop; as, that day the storm stayed. *archaic.*

"b. To delay; wait; tarry; linger; as, stay and hear me. * * *

"d. To stand still; not to retreat; to remain at a certain point or in a certain state."

In the Standard dictionary (1913), "stay," used as a verb, is defined as follows:

"1. To stop the progress of; check; hold back; prevent; not now usually of physical motion; as to stay the ravages of a pestilence or pangs of hunger. * * *

"3. To put off until a future time; postpone; hinder; suspend; as, to stay judgment."

 The appellee is unable to point out any provision of law which would operate as a compulsory stay in a case where no bond is filed with the claim for abatement, and section 611 (26 USCA § 2611), supra, expressly applies to a "stay" without bond. It is not claimed that any court, state or federal, is authorized to "stay" the collection of the tax (Rev. St. § 3224, 26 USCA § 154]). Even if we were empowered to insert in the statute (26 USCA § 2611, supra) the word "legal" before the word "stay," which we are not authorized to do by construction or otherwise, it would apparently cover a situation that cannot exist, and therefore, be a useless addition. We see no reason why the word "stay" should not be given its usual significance, which in this case would be delay of executive action. The title of the section under consideration (26 USCA § 2611) can be referred to for the purpose of determining the proper interpretation of the section (Church of Holy Trinity v. U. S., 143 U. S. 457, 462, 12 S. Ct. 511, 36 L. Ed. 226). The title of this section is "Collections Stayed by Claim in Abatement." Congress evidently intended to cover cases where actual delay had resulted from the filing of a claim in abatement. The idea of a legal or compulsory or involuntary stay is neither expressed nor implied. The language of the act is as apt to describe a voluntary delay by the collector to enable the claimant in good faith to secure a decision on his claim for abatement before the tax is collected as it is to describe an involuntary delay. The report of the committee of Congress on the bill states this definitely to be the purpose of the proposed enactment. That report is set forth in the opinion in Huntley v. Gile, supra, and need not be repeated here. Our attention has been called to the decision of the Circuit Court of Appeals of the Fifth Circuit in a similar case. United States v. Burden, Smith & Co., 33 F.(2d) 229. For the reasons we have stated we cannot follow that decision.

 It is urged by the appellees that the case was not tried below upon the theory that 26 USCA § 2611, supra, was involved, and that the appellant did not call the attention of the trial court to this section. It is true that the parties cannot change their theory of a case on appeal, but appellant's theory in the court below was that the stipulated facts were legally insufficient to justify a recovery, and that is the point presented here. The point was presented in the court below by motion for a judgment on the admitted facts. The circumstance that the District Court was not called upon to construe 26 USCA § 2611, supra, does not prevent a consideration on appeal of the objections and motions made and ruled upon in the trial court.

Judgment reversed.