## HIND v. UNITED STATES.

### No. J–685.

Court of Claims.

June 2, 1930.

George E. H. Goodner, of Washington, D. C. (Paul D. Banning, of Washington, D. C., on the brief), for plaintiff.

Charles R. Pollard, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (Ralph E. Smith, of Washington, D. C., on the brief), for the United States.

Argued before BOOTH, Chief Justice, and LITTLETON, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

The overpayment in this case was allowed within the meaning of section 1019 of the Revenue Act of 1924 as construed by the court in Girard Trust Company v. United States, 270 U. S. 163, 46 S. Ct. 229, 70 L. Ed. 524, prior to February 26, 1926, the date of the enactment of the Revenue Act of 1926.

894

The Commissioner of Internal Revenue signed the first schedule of overassessments October 15, 1925, and approved the schedule of refunds and credits certified to him by the collector, and authorized the disbursing clerk of the Treasury Department to pay the amounts found to be refundable on December 2, 1925. The refund was not paid until March 10, 1926, and, inasmuch as the Revenue Act of 1926 had become effective prior to that date, the Commissioner held that under the provisions of section 1116 (c) of the 1926 act (26 USCA § 153 note), which makes the provisions of the section allowing interest only to the first date on which the Commissioner signs the schedule, applicable to all refunds paid after its passage, interest was payable only to October 15, 1925, the first date on which he signed the schedule of overassessments in respect thereof. Plaintiff claims additional interest from October 15 to December 2, 1925, the latter date being the date on which the court in Girard Trust Company, supra, held that the overpayment was allowed under the provisions of the Revenue Act of 1924, and that, inasmuch as the Commissioner had allowed the refund prior to the passage of the Revenue Act of 1926, the act, by its terms, is not applicable to refunds certified for payment prior to its enactment.

Plaintiff further contends that, if section 1116 of the Revenue Act of 1926 applies to the computation of interest on overpayments allowed prior to its passage, it deprives him of a vested right in violation of the Fifth Amendment to the Constitution, and amounts to the taking of private property without just compensation.

In support of his claim that the provisions of section 1116 of the Revenue Act of 1926 are not applicable to the refund in this case, the plaintiff insists that the only meaning which can be drawn from paragraph (a) of section 1116, providing for the payment of interest "upon the allowance of a refund," and paragraph (c), which makes the entire section applicable to any refund paid after the enactment of the act, even though such refund was allowed prior to such date, is that, if a refund, which is paid after the passage of the act, was also allowed (that is, if the second schedule was signed) after the passage of the act, then, and only then, shall interest be computed to the first date on which the Commissioner signed the schedule, even though under the 1926 act the date of allowance, that is, the first date he signed the schedule, was prior to the passage of the act. In other words, it is insisted that section

1019 of the 1924 act applies in all cases where the Commissioner signed the second schedule while such act was in force.

Upon this basis plaintiff insists that section 1116 should be construed as providing that "upon the allowance of a claim for refund interest shall be paid to the first date on which the commissioner signed the schedule of overassessment; and this rule shall apply to any refund paid after the enactment of this act, even though the first schedule was signed prior to the passage of this act"; that the phrase "even though" is interpreted to be one of inclusion, and by its use is intended to fix the boundary line of what is included within and what is beyond the operation of the 1926 act; that, as thus construed, the section can only apply to refunds which have progressed no further than the first stage, namely, entered on the "first schedule" signed by the commissioner; that there is nothing in the language of the act which warrants a more inclusive interpretation; that, if Congress had intended that interest on all refunds paid on or after February 26, 1926, should be calculated under the provisions of the 1926 act, it would have provided that the section should apply to every refund thereafter paid.

■ There is no ambiguity in the section. Its language is too clear to admit of doubt. It provides that, upon the allowance of a refund, interest shall be paid to the first date on which the Commissioner signs the schedule of overassessments, and that in any case where the refund has not been paid at the time of the enactment of the act, even though it has been allowed, interest shall be paid only to the date of the signing of the first schedule. Prior to the enactment of this section, the date of the allowance of the refund and the date to which interest was payable under the 1924 act had been determined by the court in Girard Trust Company v. United States, supra, to be the date on which the Commissioner signed the schedule of refunds and credits certified to him and authorized the disbursing clerk to pay the same. The plain purpose of section 1116 of the 1926 act was to shorten the interest period to the first date on which the Commissioner signed the schedule of overassessments, notwithstanding both the first and the second schedules had been approved prior to February 26, 1926. It changed the rule announced in the Girard Trust Co. Case. We are of opinion, therefore, that there is no merit in the plaintiff's claim that the section is not applicable to this case.

In the opinion of the court there is no merit in the claim of plaintiff that section 1116 is unconstitutional. Except as given by Congress, plaintiff had no right to interest; nor did he have a right to maintain a suit for the recovery of interest that could not be taken away, even though such suit had been authorized by existing law at the time it was commenced. The allowance of interest by the sovereign is a matter of grace, depending upon its consent, which it can withdraw or modify at any time. The act in question should therefore be construed as withdrawing the consent of the United States for the recovery of interest in excess of that granted by the act in effect at the time the refund was paid. Beers v. Arkansas, 20 How. 527, 15 L. Ed. 991; Railroad Company v. Alabama, 101 U. S. 832, 25 L. Ed. 973; United States v. Heinszen & Company, 206 U. S. 370, 27 S. Ct. 742, 51 L. Ed. 1098, 11 Ann. Cas. 688; United States v. Magnolia Petroleum Company, 276 U. S. 160, 48 S. Ct. 236, 72 L. Ed. 509.

Section 1116 did not change or affect in any way the settlement of tax accounts which had been accomplished finally by payment. It established a new basis for the computation of interest to be paid in those cases where the refund had not been paid prior to the enactment of this section.

Plaintiff is not entitled to recover, and the petition is dismissed. It is so ordered.