## AMERICAN GLUE CO. v. UNITED STATES
### No. 3510.

District Court, D. Massachusetts.
June 26, 1930.

Goodwin, Proctor, Field & Hoar, Robert E. Goodwin, and Harris H. Gilman, all of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. to the U. S. Atty., both of Boston, Mass.

BREWSTER, District Judge.

In its petition the American Glue Company seeks to recover accrued income and excess profits taxes for the year 1917 in the amount of $223,263.89, which was collected on a warrant of distraint after the period of limitation established by the Revenue Act of 1921 (section 250(d), 42 Stat. 265) had expired.

A schedule of important dates follows:

| | |
|---|---|
| 1917 tax return filed | May 1, 1918 |
| Additional assessment ($173,674.61) | Sept. 1920 |
| Notice and demand for payment | Nov. 6, 1920 |
| Claim for abatement of $171,223.81 | Nov. 15, 1920 |
| Second notice and demand for payment | April 29, 1921 |
| Five-year period from date of filing return expired | April 30, 1923 |
| Third notice and demand for payment | Oct. 25, 1923 |
| Claim for abatement rejected | Aug. 18, 1924 |
| Property seized under warrant for distraint ($223,263.89) | Nov. 24, 1925 |
| Claim for refund filed | Dec. 31, 1925 |
| Claim for refund denied | Oct. 16, 1926 |
| Suit commenced | Jan. 15, 1929 |

It is not denied that when the taxes were collected the rights of the United States were barred by the limitation of the statute, and that prior to the enactment of the Revenue Act of 1928 (May 29, 1928, 45 Stat. 791) the petitioner's right to recover could not have been questioned. Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676.

It is, however, the contention of the defendant that this right of recovery was taken away by sections 607 and 611 of the Act of 1928 (26 USCA §§ 2607, 2611). These sections provide:

"Sec. 607. *Effect of Expiration of Period of Limitation against United States.*

"Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after the enactment of this Act) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim."

"Sec. 611. *Collections Stayed by Claim in Abatement.*

"If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after the enactment of this Act) shall not be considered as an overpayment under the provisions of section 607, relating to payments made after the expiration of the period of limitation on assessment and collection."

The question presented is whether these sections operated to deprive the petitioner of its right to recover taxes collected at a time when the collection was illegal and wholly without warrant of law. The question is not

novel. All the arguments pro and con offered by the parties have been submitted to and considered by the federal courts in a number of cases. Unfortunately the courts are not in accord respecting the interpretation and application of the provisions of these sections. The law is still unsettled respecting the rights of a taxpayer who filed a claim for abatement of a tax seasonably assessed prior to June 2, 1924, and which was collected prior to the enactment of the act of 1928. There is no controlling decision in point in this circuit. I have therefore carefully examined irreconcilable opinions in other jurisdictions and, as a result, have reached the conclusion that the construction put upon section 611 (26 USCA § 2611) by Judge Dawson in Wright & Taylor, Inc., v. Lucas (D. C.) 34 F.(2d) 328, by Judge Mack in Regla Coal Co. v. Bowers (D. C.) 37 F.(2d) 373, 377, and Judge Dietrich in Huntley v. Gile (C. C. A.) 32 F.(2d) 857, is the correct construction and the one necessary to give effect to the intent and purpose of the legislation of 1928, as revealed in congressional documents. I concur with these judges in the belief that resort may properly be had to reports of legislative committees for the purpose of ascertaining the occasion and necessity for the enactment, the situation confronting the Congress under the earlier laws, and the proposed remedy of the new law. Park Amusement Co. v. McCaughn (D. C.) 14 F.(2d) 553.

As these congressional reports are fully stated in other opinions cited (see Huntley v. Gile, supra; Wright & Taylor, Inc., v. Lucas, supra), there is no need for repetition here. The purpose of the legislation is apparent. It was to authorize administrative officials to credit or refund, as an overpayment, taxes paid after the expiration of the statutory period of limitation applicable thereto, without regard to the correctness of the assessment. (Section 607 [26 USCA § 2607]). But such refund or credit was not to be authorized in a case which met the following conditions: (a) An assessment seasonably made prior to June 2, 1924; (b) a claim for abatement filed with or without bond, and (c) a stay of the collection. (Section 611 [26 USCA § 2611]).

Section 607 created no substantive rights which the taxpayer did not already enjoy, except to have his claim recognized by those charged with the administration of the revenue laws. In the Revenue Act of 1924 there was introduced into the amended Rev. St., § 3226 (26 USCA § 156), a provision sanctioning the maintenance of a suit to recover taxes illegally exacted "whether or not such tax, penalty, or sum has been paid under protest or duress." Since the effective date of this act, it would seem that every taxpayer, who had paid after the rights of the government to collect by suit or distraint had been barred, could have prevailed in a suit to recover under section 1014(a) of the Act of 1924, reenacted without change in the Revenue Act of 1926 (section 1113(a), 26 USCA § 156), and this would be so whether the payment or distraint was prior to the enactment (section 1106(a) of the Revenue Act of 1926 (26 USCA § 1249, note) extinguishing all liability for the tax. Bowers v. Fuller, 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676.

But if section 607 (26 USCA § 2607) does not confer substantial benefits upon the taxpayer, it does not follow that section 611 (26 USCA § 2611) did not deprive a taxpayer of important rights if his case fell within the specified exception. If, as petitioner contends, section 611 does not affect any taxpayer's rights to recover by suit taxes collected after the five-year period, then the whole scheme of the legislation fails in its announced purpose to limit refunds of taxes, paid or collected after the right to collect had been barred, to those cases only where there had been no claim in abatement and no stay of proceedings to collect. Judge Dietrich, speaking for the Circuit Court of Appeals for the Ninth Circuit, stated:

"While textually section 611 is open to construction, upon the whole we are left in no doubt that by it Congress intended to withhold from the taxpayer the right to have refunded money paid by him in the discharge of a valid tax, under the conditions therein stated, where the only objection which could be made to its collection was the expiration of the applicable period of limitation. Otherwise the section is without apparent meaning." Huntley v. Gile, supra, at page 858 of 32 F.(2d).

Whether we regard section 611 as operating to ratify unauthorized acts (Wright & Taylor, Inc., v. Lucas, supra; Regla Coal Co. v. Bowers, supra) or to remove the bar of the statute of limitations in certain cases are relatively unimportant considerations. The substance of the matter is that Congress by the section undertook to withdraw from a taxpayer the right to reclaim taxes, otherwise rightfully due, which had previously been held recoverable solely on the ground that they had been paid, or collected, after the statute had run against the collection. Wright & Taylor, Inc., v. Lucas, supra.

The petitioner doubts the power of Congress to thus deprive a taxpayer of his rights of recovery which existed at the time of the enactment of the Revenue Act of 1928. I do not think any doubt can be seriously entertained in view of authorities. Stockdale v. Atlantic Ins. Co., 20 Wall. 323, 22 L. Ed. 348; Brushaber v. Union Pac. R. R. Co., 240 U. S. 1, 36 S. Ct. 236, 60 L. Ed. 493, L. R. A. 1917D, 414, Ann. Cas. 1917B, 713; Rafferty v. Smith, Bell & Co., Ltd., 257 U. S. 226, 42 S. Ct. 71, 66 L. Ed. 208; Smallwood v. Gallardo, 275 U. S. 56, 48 S. Ct. 23, 72 L. Ed. 152; Wright & Taylor, Inc., v. Lucas, supra; Regla Coal Co. v. Bowers, supra; Oak Worsted Mills v. United States (Ct. Cl.) 36 F.(2d) 529.

In the Regla Coal Co. Case, Judge Mack observed:

"Plaintiff's final contention that, inasmuch as the statute had run at the time of the collection, Congress was then and is still without the constitutional power to remove the bar, cannot be sustained. It is well settled that there is no vested right to rely upon a statute of limitation to defeat a debt or other personal obligation; the Legislature which imposed the bar may remove it. Campbell v. Holt, 115 U. S. 620, 6 S. Ct. 209, 29 L. Ed. 483; cf. Decker v. Pouvailsmith Corp., N. Y. Ct. App., decided October 15, 1929, reported in 252 N. Y. 1, 168 N. E. 442. That because of sovereign grace the expiration of the statutory period not only gave the taxpayer a defense, but also a right to recover taxes paid thereafter, does not, in my judgment, change the result. Nor is this a case like Davis v. Mills, 194 U. S. 451, 24 S. Ct. 692, 48 L. Ed. 1067, or Danzer & Co. v. Gulf & S. I. R. R. Co., 268 U. S. 633, 45 S. Ct. 612, 69 L. Ed. 1126, in which the grant of a right is conditioned upon its being exercised within a prescribed period; for the right of the United States to these taxes existed prior to and independent of the grant of a limitation statute for the repose of the taxpayer. This result is identical with that reached by the Circuit Court of Appeals for the Ninth Circuit in Huntley v. Gile, 32 F.(2d) 857, and by Judge Dawson in Wright & Taylor, Inc., v. Lucas, supra, in both of which cases the constitutionality of section 611 (26 USCA § 2611) was sustained."

■■ A further contention of the petitioner is that if section 611 (26 USCA § 2611) be so construed as to affect retroactively a taxpayer's rights to recover taxes paid or collected after their collection was barred by statutes then existing, its rights are not to be destroyed, because it presents a case which does not come within the exceptions created in section 611, since there was no compulsory stay of proceedings; in other words, that the delay was voluntary, not under the compulsion of any law, order of court, agreement or act of the taxpayer, which placed the Commissioner under a moral obligation to refrain.

Whether this contention can be accepted as valid depends on how the word "stayed," as used in section 611, is to be defined. On this question of interpretation the federal courts in other circuits are wholly at variance. Some hold that the word was employed in its legal sense and must be limited to a stay compelled by law, by the courts, by agreement, or by some act of the taxpayer. United States v. Burden, Smith & Co. (C. C. A.) 33 F.(2d) 229; Cutcheon v. Rafferty (D. C.) 34 F.(2d) 708; Pepsin Syrup Co. v. Schwaner (D. C.) 35 F.(2d) 197; Sugarland Industries v. Bass (D. C.) 36 F.(2d) 375.

On the other hand, it has been held that the word "stayed" is to be taken as synonymous with "delayed," and if there was a delay following upon, or occasioned by, a claim in abatement, the collection was "stayed" whether the delay was voluntary or involuntary. Regla Coal Co. v. Bowers, supra; Wright & Taylor, Inc., v. Lucas, supra; Oak Worsted Co. v. United States, supra; Goodcell v. Graham et al. (C. C. A.) 35 F.(2d) 586; Magee v. United States (Ct. Cl.) 37 F. (2d) 763.

My opinion is that the word "stayed" should be given the broader definition. I have reached this conclusion, first, because I regard the reasons advanced by the learned judges who have ascribed to the word the broader meaning to be sound and convincing, and, secondly, because the narrower definition robs the section of much of its capacity to meet the situation it was obviously intended to remedy. As has been pointed out in the cases cited, notably the Wright & Taylor Case and the Regla Coal Co. Case, in none of the revenue acts extant on June 2, 1924, was there any provision which legally stayed the collection of a tax unless the claim for an abatement was accompanied by a bond. See Revenue Act of 1918, § 234, para. 14 (40 Stat. 1079). The regulations of the Treasury Department clearly indicated that such a claim did not stay any proceedings to collect the tax. Reg. 33, Art. 261; Reg. 45, Art. 1032; Reg. 62, Art. 1032. That the legislative body read the word "stayed" to mean "delayed" is shown by a report of the Senate

Committee which, I think, has not been referred to in other opinions. The Finance Committee of the Senate recommended that section 611 be entirely eliminated, and in its report it stated:

"Section 611 of the House bill proposes to extend the statute of limitations, particularly in cases for 1917 and prior years, if an assessment had been made but the collection delayed by the filing of a claim in abatement, and also prohibits the refund of amounts paid after the statute of limitations in such cases. Your committee believes that the bar of the statute should be made effective as to both the Government and the taxpayer and recommends that this section be eliminated."

This section, however, was later restored as it came from the House with the exception that section 611(b) was eliminated. Section 611(b) provided that a distraint or proceeding in court could be begun within one year after the enactment of the act for collection of taxes not already paid, which fulfilled the conditions of section 611. I refer to this because petitioner has argued that the congressional records adverted to by the courts are not to be considered as helpful, as these reports dealt with the original section 611 which included 611(b). But I am unable to see how the elimination of 611 (b) impairs the value of the contemporaneous reports of legislative committees. It was to refunds of taxes already paid that the committee addressed its observations.

Correspondence and a restricted waiver subsequent to April 30, 1923, were introduced tending to show that the delay was at the request of the petitioner. Whether these were sufficient to constitute a legal stay, or whether acts committed after the statute of limitations had run have any important bearing on the applicability of section 611, are questions that need not be decided in view of the conclusion I have reached upon the interpretation of the language of the act. It is sufficient to find, as I do, that there was a claim for an abatement and a stay of the collection as a consequence of the claim. This brings the case at bar within the exceptions of the section, which defeat petitioner's asserted rights to recover.

Nor do I see any ground for distinction between the case at bar and the cases which have upheld the government's contention, based on the fact that the taxes were collected by distraint rather than paid under protest. Such a distinction would have little of substance to recommend it. Payment under protest when threatened with a warrant of distraint would be given the same legal effect as a collection by distraint. There can be no justification in law for exempting from the operation of section 611 taxpayers who, instead of avoiding threatened distraint by payment, allowed the warrant of distraint to be executed. Such a result would give too great significance to the word "payment" and would be inconsistent with the purposes of the statute. In my opinion the section must be held to apply as well to one case as the other.

I find and rule, therefore, that section 611 defeats the petitioner's right to recover in these proceedings, and judgment should be entered for the defendant.