### FARGASON v. UNITED STATES.
### No. 6837.

Circuit Court of Appeals, Sixth Circuit.

Feb. 7, 1936.

Benjamin Goodman, Jr., of Memphis, Tenn. (Walter P. Armstrong and F. E. Hagler, both of Memphis, Tenn., on the brief), for appellant.

Francis I. Howley, of Washington, D. C. (Frank J. Wideman, Sewall Key, and J. Louis Monarch, all of Washington, D. C., and William McClanahan and R. G. Draper, both of Memphis, Tenn., on the brief), for the United States.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

Appellant and P. S. Smithwick, Jr., were partners engaged in business, under the name of P. S. Smithwick, Jr., & Co., from September 1, 1916, to March 31, 1918. On April 1, 1918, Smithwick purchased appellant's interest in the partnership and agreed to assume all of the partnership liabilities, including those for excess profit taxes. Thereafter he continued to operate the business under the partnership name. On March 29, 1918, the partnership had filed an income tax return for the calendar year 1917. On April 30, 1918, Smithwick filed a final tax return for the partnership for the fiscal year ending September 1, 1917. On February 9, 1919, he filed a partnership return in the name of the partnership for the period from September 1, 1917, to March 31, 1918. In 1923, within five years from the dates of the filing of these returns, additional assessments were made against the partnership. Abatement claims covering the additional assessments were filed by Smithwick in the name of the partnership. These claims were allowed in part by the Commissioner of Internal Revenue on or about January 18, 1926. In October of 1926, distraint warrants were issued and levied on a bank account of appellant for a tax on such part of the additional assessments as was not abated by the Commissioner. The government having collected this tax from the bank, the appellant, in April, 1927, filed claims of refund therefor and upon their rejection brought this suit to recover the amount thereof as an overpayment of taxes. On the hearing of the case the trial court dismissed the petition, and this appeal followed.

The question for decision is whether there was such a stay of the collection of the tax against the partnership within the meaning of section 611 of the Revenue Act of 1928, 45 Stat. 875 (26 U.S.C.A. § 2611) as to preclude the appellant, who paid it, from recovering it on the ground that its exaction was an overpayment within the meaning of section 607 of the act (26 U.S. C.A. § 2607, now 26 U.S.C.A. § 1670 (a) (2). There is no question as to the validity of the tax nor as to the stay of its collection by the filing of a claim of abatement in the name of the partnership. The only question is whether the exaction was an overpayment within the meaning of section 607 of the Revenue Act of 1928 in view of the provisions of section 611 of the act. The appellant concedes that section 607 applies to taxes collected by distraint [see Simmons Mfg. Co. v. Routzahn, 62 F.(2d) 947 (C.C.A.6), and Bowers v. New York & Albany Lighterage Co., 273 U.S. 346, 47 S.Ct. 389, 71 L.Ed. 676], but contends that the claim of abatement filed by Smithwick in the name of the partnership was not such a claim under section 611 as defeats the right to recover the tax as an overpayment under section 607. The contention is that the claim of abatement referred to in section 611 means a claim filed by the taxpayer himself, or by some one authorized to bind him, and that Smithwick, though filing the claim in the name of the partnership, was not authorized to bind the appellant, from whom the tax was exacted. The argument overlooks the pertinent consideration that the tax was not assessed against the appellant but against the partnership, and that appellant's liability therefor is derivative, the liability of a partner for the obligations of the partnership. The profits on which the tax was assessed were earned by the partnership while the appellant was a partner. The law gave the partnership the right to file a claim to abate the tax. Smithwick, as a partner, had the right to file the claim for the partnership. The filing of it did not create a new obligation or cause of action against the appellant;

it merely postponed the enforcement of an existing obligation falling upon him by operation of law. He could not contract away the obligation and escape liability for it, nor could it be defeated by a rule of local law or procedure.

The judgment is affirmed.