VARSITY UNDERWEAR CO., Inc., v. UNITED STATES.

No. J–645.

Court of Claims.
Feb. 9, 1931.

Theodore B. Benson, of Washington, D. C., for plaintiff.

George H. Foster, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (Lisle A. Smith, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, WILLIAMS, and LITTLETON, Judges.

GREEN, Judge.

This is a suit to recover taxes and interest amounting to $5,395.05, with interest thereon, alleged to have been wrongfully collected by defendant.

The evidence shows the assessment of an additional tax against the plaintiff for the year 1917, the filing of a plea in abatement, and a stay of the proceedings in collection of the tax by reason of the filing thereof; also the rejection of the plea in abatement and the collection of the tax after the period of limitations had expired over the protest of plaintiff. A case of this nature is governed by the decision in Oak Worsted Mills v. United States, 68 Ct. Cl. 539, which, with a number of other similar cases, was affirmed by the Supreme Court in Graham v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. —— (decided January 26, 1931). The decision of the Supreme Court in the case last cited does not cover two points which are specially urged in the argument for plaintiff in the case at bar. One of these contentions was that the Revenue Act of 1921 (42 Stat. 227) did not permit a claim in abatement to be filed and entertained. The same argument was made in the case of Magee v. United States, 68 Ct. Cl. 771, which was affirmed by the Supreme Court in 282 U. S. 432, 51 S. Ct. 195, 75 L. Ed. ——, January 26, 1931. As the opinion of this court in the Magee Case fully discusses this point and overrules it, we think no further reference to it is necessary.

The other contention made by plaintiff was that plaintiff and the commissioner having signed a waiver extending the period for the collection of the tax, which waiver expired at a definite time, the tax collected after the expiration of the waiver could not be lawfully held by the defendant. We are clear that this does not prevent the application of section 611 of the Revenue Act of 1928 (26 USCA § 2611) to the case at bar. The waiver extended the period during which the tax might be collected to a date beyond the period of the statute of limitations. The expiration of the waiver merely put the statute of limitations again in force.

It follows that plaintiff's petition must be dismissed, and it is so ordered.

BOOTH, Chief Justice, and WILLIAMS and LITTLETON, Judges, concur.

WHALEY, Judge, did not hear this case, and took no part in its decision.