**VOLKER et al. v. CROOKS, Collector of Internal Revenue.**

No. 7561.

District Court, W. D. Missouri, W. D.

Sept. 4, 1931.

Rosenberger, McVey & Freet, of Kansas City, Mo., and Hopkins, Starr & Hopkins, of Chicago, Ill., for plaintiffs.

A. B. Lovan, of Kansas City, Mo., for defendant.

REEVES, District Judge.

This is an action to recover income and profits taxes in the total sum of $22,894.84. Said gross sum was heretofore paid under protest.

Plaintiffs are trustees in liquidation of the Great Western Portland Cement Company, a dissolved corporation. The plaintiffs base their right of recovery upon the provisions of section 204 (b) of the Revenue Act of 1921 (42 Stat. 231). It is there provided that: "If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year; the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary."

At the end of the year 1922 a former corporation of the same name and incorporated under the same law took steps to dissolve apparently because of its losses. It had sustained a loss of $153,154.18 for the year 1921

and $65,747.26 for the year 1922. Said former corporation had been incorporated for the purpose of buying, manufacturing, and selling cement "and all articles and products in the composition and manufacture of which cement is used."

It had an outstanding bond issue of $308,500 at 6 per cent. Moreover, it had become heavily indebted to the principal stockholder.

In December, 1922, a new corporation was formed bearing the same name and incorporated under the same laws, but with vastly increased powers. The new corporation was not limited in its charter to the manufacture, buying, and selling of cement. It was empowered to "deal in all kinds of lime, limestone, plaster, natural and artificial stone." In addition to this, it was authorized to build or purchase manufacturing plants, tools, warehouses, "and all other equipment and structures necessary, appropriate or convenient for the exercise of the powers herein granted." It was empowered to construct or acquire and sell residence properties. This power, however, was limited to nearby residences for its employees. In like manner it was granted the authority to operate stores for the purpose of furnishing merchandise to its employees. It was given power to acquire other corporations or the business of individuals or partnerships in furtherance of the objects and promotion of the business of "this company."

It was permitted to enter into all kinds of contracts with any person, firm, association, or corporation whatsoever. It was granted unlimited power for the issuance of "bonds and debentures and other negotiable and transferable instruments and evidence of indebtedness whether secured by mortgage or otherwise."

It was permitted to transact its business wherever it desired.

The new corporation took over the assets and assumed the liabilities of the old. It had a net income of $123,864.69 for the year 1923, and its net income for the year 1924 was $120,981.22.

The contention is now made that the losses of the preceding two years should have been deducted from its profits for said years 1923 and 1924, and that by such deduction plaintiffs' trust would have been saved the amount herein sued for. Plaintiffs proceed upon the theory that the two corporations were identical, and that "any taxpayer" referred to in said section 204 (b) of the Revenue Act of 1921 was the same corporation so far as said tax is concerned. It should be here stated that the new corporation authorized an issue of $750,000 in bonds at 8 per cent. Of this amount $650,000 were actually issued to one of the principal stockholders, who was also the principal stockholder and owner of bonds of the former corporation. If the corporations were identical, or substantially the same, then plaintiffs are entitled to recover. Otherwise they are not.

1. As a preliminary to the discussion of plaintiffs' right of recovery, attention should be called to the uniform ruling of the courts to the effect that: "Tax laws are essentially practical in their purposes and application, and the federal income tax laws are no exception. * * * It is also a basic principle in the application of such laws that substance and not mere form be regarded as governing." Central Life Assurance Society, Mutual v. Commissioner of Internal Revenue, 51 F.(2d) 939, 941, Eighth Circuit Court of Appeals, filed July 13, 1931; United States v. Phellis, 257 U. S. 156, 42 S. Ct. 63, 66 L. Ed. 180; Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676.

If, therefore, the incorporation of the new company was a mere continuation of the old, plaintiffs' trust and the first corporation would have been "any taxpayer" within the purview of said section 204 (b).

2. Counsel have favored the court with a collation of authorities on both sides of the question here presented. However, the case of Marr v. United States, 268 U. S. 536, 45 S. Ct. 575, 69 L. Ed. 1079, appears to be decisive. While in the Marr Case the new corporation was formed under the laws of a state other than that of the old corporation, yet this was treated as an unimportant circumstance, and the decision of the court rested mainly upon the fact that there was a difference in the charter powers as well as a difference in the rate of interest provided for in the bond issues of the two companies.

In the instant case, the new corporation not only had vastly increased powers so as to destroy a practical identity, but, in addition, its bonded indebtedness was not only larger, but provided a greater per cent. in interest. It is true that this could have been accomplished by amendment, but the same thing could have been said in respect of the corporation in the Marr Case.

In view of the above, recovery will be denied. It is so ordered.