### UNITED STATES v. PFAFFINGER.
### No. 6964.

Circuit Court of Appeals, Ninth Circuit.
Sept. 6, 1933.

Samuel W. McNabb, U. S. Atty., and Ignatius F. Parker and Alva C. Baird, Asst. U. S. Attys., all of Los Angeles, Cal. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, of Los Angeles, Cal., of counsel), for the United States.

Thomas R. Dempsey, A. Calder Mackay, and John T. Riley, all of Los Angeles, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges.

SAWTELLE, Circuit Judge.

Appellee brought an action at law against appellant in the District Court to recover the sum of $1,697.19, plus interest, representing taxes alleged to have been erroneously collected from him during the year 1924. The

case was tried by the court, a jury having been waived by the parties.

The court adopted the special findings of fact requested by the appellee, and gave judgment against appellant. There was no request by appellant for different findings, nor were there any exceptions to the ruling of the court on the admission or rejection of evidence. Appellant did submit requests for conclusions of law, which were denied by the court. To this ruling, as well as to the rulings of the court in adopting the proposed conclusions of law submitted by appellee, appellant duly excepted.

At the conclusion of the case appellant made a motion for judgment, which motion was denied, but no exception was noted to the ruling on such motion, although such ruling is the basis of one of the assignments of error in this court.

On March 28, 1918, the Pacific Coast Sales Book Company, of California, filed its income and profit tax return for the year 1917. Appellee was the owner of fifty shares of the capital stock of said corporation, out of a total of 955 shares issued and outstanding. During the month of May, 1917, said corporation sold all of its assets, and during the same year distributed the proceeds from such sale pro rata to its stockholders, including appellee.

The Commissioner of Internal Revenue assessed additional taxes against the corporation for the year 1917 in the amount of $32,-399.36. On March 6, 1922, the corporation filed with the Collector of Internal Revenue at Los Angeles its claim in abatement. On August 30, 1933, the Commissioner notified the corporation of the rejection of its claim, A copy of said claim and the letter of the Commissioner are referred to in the court's findings of fact as Exhibits A and B, respectively, and are made a part thereof.

On June 30, 1924, the Collector of Internal Revenue demanded payment of said additional tax for the year 1917 by those, including appellee, who as stockholders of the corporation had received the assets thereof through distribution in 1917, as aforesaid. In accordance with the demand, and in order to prevent the imposition of threatened penalties and the seizure and sale of his property to satisfy the claim so made for said additional taxes, appellee paid the said sum of $1,-697.19 on June 30, 1924.

On June 29, 1928, within four years after such payment by appellee, he filed with said Collector of Internal Revenue a claim for refund to him of the said last-mentioned sum. His claim was disallowed on December 1, 1928.

The above is a summary of the facts as found by the court.

The court concluded as a matter of law that the claim in abatement filed by the corporation was not a claim in abatement of the appellee; that at the time of the collection of said sum of $1,697.19 from the appellee, the collection thereof was barred by law and constituted an overpayment of taxes within the meaning of the provisions of section 607 of the Revenue Act of 1928 (26 USCA § 2607), and that no claim in abatement, within the meaning of section 611 of said act (26 USCA § 2611), was filed by appellee.

Judgment was rendered in appellee's favor for said sum, together with interest at the rate of 6 per cent. per annum from June 30, 1924.

The relevant statutes are sections 607 and 611 of the Revenue Act of 1928 (26 USCA §§ 2607, 2611), and section 250 (d) of the Revenue Act of 1921 (42 Stat. 264), which read as follows:

Section 607. "Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after [the enactment of this Act]) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim."

Section 611. "If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after [the enactment of this Act]) shall not be considered as an overpayment under the provisions of section 2607 [607], relating to payments made after the expiration of the period of limitation on assessment and collection."

"Section 250. * * * (d) The amount of income, excess-profits, or war-profits taxes due under any return made under this Act for the taxable year 1921 or succeeding taxable years shall be determined and assessed by the Commissioner within four years after the return was filed, and the amount of any such taxes due under any return made under this Act for prior taxable years or under prior income, excess-profits, or war-profits tax

Acts, or under section 38 of the Act entitled 'An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes,' approved August 5, 1909, shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes due under this Act or under prior income, excess-profits, or war-profits tax Acts, or of any taxes due under section 38 of such Act of August 5, 1909, shall be begun, after the expiration of five years after the date when such return was filed, but this shall not affect suits or proceedings begun at the time of the passage of this Act. * * * Opportunity for hearing shall be granted and a final decision thereon shall be .made as quickly as practicable. Any tax or deficiency in tax then determined to be due shall be assessed and paid, together with the penalty and interest, if any, applicable thereto, within ten days after notice and demand by the collector as hereinafter provided, and in such cases no claim in abatement of the amount so assessed shall be entertained: Provided, That in cases where the Commissioner believes that the collection of the amount due will be jeopardized by such delay he may make the assessment without giving such notice or awaiting the conclusion of such hearing."

As stated by appellant, the question involved is, "Does section 611 of the Revenue Act of 1928 apply to one who as a stockholder and transferee pays his aliquot portion of the tax assessed against the corporation, the corporation having filed a claim for the abatement of the tax so assessed?"

Elsewhere in the brief appellant states: "The primary question for the court to answer is whether Frank X. Pfaffinger [appellee] is in a position to escape the application that would necessarily be made of section 611 of the Revenue Act of 1928 if his transferor, the Pacific Coast Sales Company, were the plaintiff here seeking to recover the tax paid."

Appellee says the question involved is, "Does section 611 of the Revenue Act of 1928 remove the limitation for collection of tax against appellee merely because the Pacific Coast Sales Book Company filed its claim to abate tax assessed against it in 1922 for the year 1917?"

By the express provision of section 611, if the claim in abatement of the tax was duly filed, and if the collection of the tax was stayed, then the payment of the tax (made before or within one year after the enactment of the act, as in this case) "shall not be considered as an overpayment under the provisions of section 2607 [607]."

It was the collection of the tax that was stayed, and, in our judgment, it is immaterial whether it was stayed at the instance of the corporation or at the instance of the stockholder-transferee. The corporation, in filing the claim in abatement, was acting solely for its stockholders and transferees. Had it succeeded in its efforts, the tax would, of course, have been canceled, and the transferee thus relieved of all liability therefor.

The effect of the filing of the claim in abatement was to stay the collection of the tax altogether, not merely against the corporation. And we think it would be illogical to hold that a stay means one thing as applied to the corporation, and another as applied to its stockholders and transferees.

It is clear that had the corporation paid the tax there would have been no overpayment under the provision of section 607, "relating to payments made after the expiration of the period of limitation on assessment and collection." It is equally clear that had the corporation's claim in abatement been allowed, the transferees would have been relieved of the payment of the tax, because the tax imposed upon the corporation is the basis of liability of the transferees. It follows, therefore, that, if the period of limitation had not run in favor of the corporation, it had not run against the transferees.

"One who receives corporate assets upon dissolution is severally liable, to the extent of assets received, for the payment of taxes of the corporation." Phillips v. Commissioner, 283 U. S. 589, 51 S. Ct. 608, 614, 75 L. Ed. 1289.

We think the claim for the abatement of the tax, which had been properly assessed, extended the limitation for collection thereof against the corporation and the stockholders-transferees during the stay, pending disposition by the Commissioner of the claim for abatement of the tax.

Appellee contends that he filed no claim in abatement, that the only claim filed was the one filed by the corporation, and that therefore he did not attempt to delay the collection of the tax. We think it is immaterial whether he filed such a claim, or not. The claim filed by the corporation had the effect of staying the collection of the tax, and no effort was made to collect the same, or any

part thereof, pending consideration of the claim.

In view of this holding, we think it is unnecessary to consider appellant's contention that the appellee knew of and participated in the filing by the corporation of the claim in abatement; or the further contention that appellee is not entitled to recover because he voluntarily paid the tax of the corporation without availing himself of injunctive relief.

We are of the opinion that the tax paid by the appellee cannot be considered as an overpayment within the meaning of section 607, supra, and that the court erred in rendering judgment in his favor.

Judgment reversed.