### SUISMAN & BLUMENTHAL, Inc., v. EATON, Collector of Internal Revenue.

### No. 154.

Circuit Court of Appeals, Second Circuit.
Jan. 7, 1935.

Henry M. Gretsch, of New York City (Merrill G. Hastings, of Boston, Mass., of counsel), for appellant.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and S. E. Blackham, Sp. Assts. to Atty. Gen., Robert P. Butler, U. S. Atty., and George H. Cohen, Asst. U. S. Atty., both of Hartford, Conn., for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

A partnership, known and in business as Suisman & Blumenthal, at Hartford, Conn., was dissolved on August 31, 1917, and all of its assets were transferred to the appellant on September 1, 1917. On April 1, 1918, an income and excess profits tax return was filed for the partnership for the portion of the calendar year 1917 up to September 1st. This return showed no liability for the period for excess profits taxes. On June 23, 1922, excess profits taxes to the amount of $5,541.09 were assessed against the partnership for the time covered by the return. On July 11, 1922, a claim in abatement was filed for the partnership, and on July 16, 1923, a second such claim was filed. The assessment was abated in part at different times until on April 30, 1927, it was finally reduced to $216.-89.

The time for assessment against the partnership was extended to April 1, 1925, by waivers duly executed and filed. On February 18, 1927, the tax remaining unpaid, the Commissioner proposed an assessment against the appellant as transferee. No petition for redetermination was filed with the Board of Tax Appeals within the sixty days allowed and, on June 25, 1927, the tax with interest was assessed against the appellant. It was paid July 19, 1927. A claim for refund was made and denied, and then this suit was brought on June 21, 1932. It was tried without a jury on an agreed statement of facts. The defendant had judgment from which the plaintiff appealed.

The assessment was made against the taxpayer before the period of limitation for assessment against it, as extended by waivers, expired, and also before the enactment of the Revenue Act of 1926 on February 26, 1926. Under section 280 (b) (2) of this act (26 USCA § 1069 (b) (2), the tax might lawfully be assessed against the appellant as transferee within six years after the assessment against the taxpayer subject to the express limitation that such assessment against a transferee could be "in no case later than one year after the enactment of this Act." This language is explicit and leaves no doubt that, where section 280 (b) (2) applies, as it plainly does here, the time for assessment against a transferee expired February 26, 1927. The assessment of June 25, 1927, was accordingly invalid.

On May 29, 1928, however, the Revenue Act of 1928 was enacted. Section 607 of the act (26 USCA § 2607) provided that taxes assessed or paid after the expiration of the period of limitation properly applicable thereto should be considered an overpayment and credited or refunded to the taxpayer if claim for them was filed within the period allowed for filing such a claim. But section 611 of the same act (26 USCA § 2611) provided that the payment, before or within one year after the enactment of the act, of any internal revenue tax which was assessed within the applicable period of limitation and before June 2, 1924, should not be considered an overpayment under the provisions of section 607 if a claim in abatement had been filed and the collection of any part of the tax had been stayed. Section 3226, Rev. St., as amended by section 1113 (a) of the Revenue Act of 1926 (26 USCA § 156), prohibits the maintenance of any suit to recover any internal revenue tax alleged to have been erroneously or illegally assessed or collected until a claim for refund or credit has been filed.

The only tax involved in this suit is the partnership tax. The assessment against the transferee was not the assessment of another tax but an effort to pursue an additional remedy in furtherance of collection. The tax was assessed prior to June 2, 1924. Claims in abatement were filed, and the collection of part of the tax was stayed. Payment was made by the appellant before the enactment of the Revenue Act of 1928. Had the payment been made by the taxpayer, it could not have been recovered. Graham & Foster v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415. The language of section 611 does not restrict its coverage to payments made

by the original taxpayer. It is in terms equally applicable to a payment by a transferee. Until Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676, was decided, the Treasury Department had insisted that even after the statutory period for collection had expired the payment of a tax might be enforced by distraint. Taxes in large amounts had been paid after the statutory period for collection had run, and Congress saw fit to bar recovery of such taxes when they had been assessed within the lawful time and before June 2, 1924, but collection had been stayed in whole or in part by the filing of a claim in abatement. There is no reason to believe that any basis existed when section 611 was enacted for making a distinction between payments made by transferees and those made by persons against whom the taxes were originally assessed, and we take Graham & Foster v. Goodcell, supra, to apply in principle to the payment made by this appellant. United States v. Plaffinger (C. C. A.) 66 F.(2d) 901.

Judgment affirmed.