## SECOND NAT. BANK OF SAGINAW, MICH., v. UNITED STATES.

### No. K–47.

Court of Claims.
April 30, 1930.

Theodore B. Benson, of Washington, D. C., for plaintiff.

Lisle A. Smith and Charles F. Kincheloe, both of Washington, D. C., for defendant.

Before BOOTH, Chief Justice, and GRAHAM, GREEN, LITTLETON, and WILLIAMS, Judges.

GREEN, Judge.

This is an action to recover taxes which the evidence shows were collected after the period of limitations had expired.

Three claims for refund were filed, but the case turns entirely upon the third claim for refund, which was based on the fact that the taxes sought to be refunded had been collected after the expiration of the period of limitations.

The facts as stipulated by the parties and set out in the findings show that the taxes in controversy were assessed within the period of limitations, that a plea of abatement was then filed by plaintiff, and a little over two years thereafter the claim for abatement was denied. In the meantime a credit had been made on the tax in question of an overpayment on a tax for a later year.

The findings further show that upon receipt of a claim in abatement it was the common practice to hold up the collection of an additional assessment, and that the collector of internal revenue acted in accordance with the practice in this case and made no endeavor to collect the amount covered by the claim in abatement until after the claim had been finally adjusted by the Commissioner of Internal Revenue.

The facts bring the case squarely within the rules announced by this court in the Oak Worsted Mills Case, 36 F.(2d) 529, decided December 2, 1929, and the Gotham Can Co. Case, 37 F.(2d) 793, decided January 20, 1930. Following the rules laid down in these cases, it is ordered that plaintiff's petition be dismissed.