## WRIGHT & TAYLOR, Inc., v. LUCAS.

### No. 5540.

Circuit Court of Appeals, Sixth Circuit.

Nov. 10, 1930.

er made assessments thereon, and on September 15, 1919, appellant filed abatement claims in the respective sums of $53,824.85 and $26,376.29. On December 13, 1923, appellant executed a waiver extending for one year the time for the proper assessment and collection of the taxes. No further steps were taken by the government or any of its agents for the collection of the taxes covered by the abatement claims until September 8, 1925, when appellee collected under duress the sum of $84,809.47, the unpaid balance on the August and September, 1919, assessments. This suit was brought to recover the amount so paid. Had the case been determined before the passage of the Revenue Act of 1928 (26 USCA § 2001 et seq.), appellant would have been entitled to judgment because on September 8, 1925, appellee had no authority to receive the money. The claim had been barred by the statute of limitations of five years found in section 250(d) of the Revenue Act of 1921, 42 Stat. 265 (Bowers v. N. Y. & Albany Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676), and the liability discharged. Section 1106(a), Revenue Act of 1926, 44 Stat. part 2, p. 113 (26 USCA § 1249 note). The Bowers Case not only prevented the collection of a large volume of taxes but subjected the government to suit for amounts paid after the bar of the statute had fallen. To counteract this eventuality, Congress incorporated in the Revenue Act of 1928 sections 607,[1] 611,[2] and 612.[3] Section 612 broadly repealed section 1106(a),[4]

---

[1] Revenue Act of 1928:
"Sec. 607. Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after the enactment of this Act) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim." 45 Stat. 874, title 26, U. S. Code, § 2607 (26 USCA § 2607).

[2] "Sec. 611. If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after the enactment of this Act) shall not be considered as an overpayment under the provisions of section 607, relating to payments made after the expiration of the period of limitation on assessment and collection." 45 Stat. 875, title 26, U. S. Code, § 2611 (26 USCA § 2611).

[3] "Sec. 612. Section 1106 (a) of the Revenue Act of 1926 is repealed as of February 26, 1926." 45 Stat. 875.

[4] "Sec. 1106 (a). The bar of the statute of limitations against the United States in respect of any internal-revenue tax shall not only operate to bar the remedy but shall extinguish the liability; but no credit or refund in respect of such tax shall be

D. V. Hunter, of Washington, D. C. (S. Lyman Barber, of Louisville, Ky., Ward Loveless, of Washington, D. C., and Miller & Chevalier, of Louisville, Ky., on the brief), for appellant.

L. L. Gibson, of Washington, D. C. (Thomas J. Sparks and Frank A. Ropke, both of Louisville, Ky., and C. M. Charest, of Washington, D. C., on the brief), for appellee.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

HICKS, Circuit Judge.

On March 15 and June 17, 1919, Wright & Taylor, Inc., appellant, filed supplemental income and profit tax returns for the fiscal year ending June 30, 1918. The commission-

supra. Section 607 (26 USCA § 2607), in harmony with the Bowers Case, provided that any tax paid after the expiration of the applicable limitation period shall be considered an overpayment and refundable if properly claimed, but section 611 (26 USCA § 2611) made an important exception. It provided that if the assessment was made before June 2, 1924, and if then a claim in abatement, with or without bond, was filed and if the collection of any part thereof was stayed, then a payment made thereon after the expiration of the limitation period for collection shall not be considered as an overpayment under the provisions of section 607.

Appellee filed his answer after the passage of the Revenue Act of 1928 and relied upon section 611. Appellant's case falls within certain provisions of that section. The assessment against it was made within five years before June 2, 1924; appellant had filed an abatement claim and payment was made after the statute of limitations had run and before the passage of the Revenue Act of 1928. However, appellant insists that section 611 has no application because (1) when read in connection with section 607 it only prohibited the commissioner from making refunds and did not affect a suit against the collector to recover amounts already paid; (2) because the collection of the tax against it was not "stayed" in contemplation of Congress; or (3) if stayed, the stay was not caused by the abatement claims. Appellant further insists that the statute is unconstitutional because it undertakes to deprive the taxpayer of vested rights by reviving a barred liability.

■ The first contention is far-fetched. When sections 607, 611, and 612 are read together, their evident purpose is to counteract the Bowers decision rendered February 21, 1927, in all cases similar to that of appellant. These sections constitute a solemn legislative pronouncement that internal revenue collected from taxpayers in appellant's situation "shall not be considered as an overpayment. * * * " It was intended to cut off any claim for the refund of such taxes at its very roots. If there was no "overpayment," it follows that nothing was due and there was therefore no cause of action. Daniel Reeves,

Inc., v. Anderson (C. C. A. 2) 43 F.(2d) 679, decided July 21, 1930; Oak Worsted Mills v. U. S. (Ct. Cl.) 36 F.(2d) 529, 536.

■■■ Nor can we narrow the phrase in section 611, to wit, "and if the collection of any part thereof was stayed," to a situation where the collector was barred or prevented from proceeding with the collection of such revenue. Such a situation is nonexistent so far as our examination discloses. Upon the other hand, it is settled governmental policy that the collection of taxes shall not be restrained by suit in any court. Rev. St. § 3224, U. S. Code tit. 26, § 154 (26 USCA § 154). This is true even as to an alleged illegal assessment. Graham v. Du Pont, 262 U. S. 234, 255, 43 S. Ct. 567, 67 L. Ed. 965; Ellay Co. v. Bowers, 25 F.(2d) 637 (C. C. A. 2). In 1928 Congress faced a predicament. Prior to the Bowers decision it was generally assumed that there was no limitation upon the collection of revenue by distraint. There was therefore no absolute rule touching the suspension of collection pending decision upon a claim in abatement. In such a practical matter much was left to the discretion of the collector. (See article 261, Tr. Reg. 33, Revenue Act of 1916 and 1917; article 1032, Reg. 45, Revenue Act 1918; and article 1032, Reg. 62, Revenue Act 1921.) As a favor to taxpayers and to prevent the hardships incident to the payment of a tax before its final adjustment, collectors frequently voluntarily delayed collections pending settlement of abatement claims. This delay often extended beyond five years from the taxpayer's return. After the Bowers Case the government realized that what was meant as a gift of grace was in fact an effective weapon not only of defense but of offense and that by its use many taxpayers could not only prevent the collection of taxes but recover those already paid. Section 611 was undoubtedly enacted to remedy this situation. (See Report No. 2 of the Ways & Means Committee to the House of Representatives, 70th Congress, 1st Session, p. 32; also Report of Senate Finance Committee No. 960, 70th Congress, 1st Session, p. 42; also Report of the House and Senate Conference Committee No. 1882, 70th Congress, 1st Session, pp. 22, 23.) Goodcell v. Graham, 35 F. (2d) 586 (C. C. A. 9); Reeves, Inc., v. Anderson, supra. Further, we think that this postponement of administrative action was caused by and incident to the abatement claims. It followed their presentation and the inference is that it resulted therefrom. The stipulation of facts does not indicate the

allowed unless the taxpayer has overpaid the tax. The bar of the statute of limitations against the taxpayer in respect of any internal-revenue tax shall not only operate to bar the remedy but shall extinguish the liability; but no collection in respect of such tax shall be made unless the taxpayer has underpaid the tax." 44 Stat. 113, part 2, title 26, U. S. Code, § 1249 (26 USCA § 1249 note).

contrary. The title of section 611 is "Collection Stayed by Claim in Abatement."

Passing to the question of the constitutionality of section 611 (26 USCA § 2611), the crux of the whole matter is that appellant's cause of action depends upon whether it is absolutely free from revenue taxes for 1918. If so, its immunity was acquired because it had taken advantage of governmental generosity extended under a mistake of law and not because the taxes were originally invalid. Whatever strength there may be in this position, we do not regard it as proof against the taxing power of the government. Billings v. U. S., 232 U. S. 261, 283, 34 S. Ct. 421, 58 L. Ed. 596; Brushaber v. Union Pac. R. R., 240 U. S. 1, 24, 36 S. Ct. 236, 60 L. Ed. 493, L. R. A. 1917D, 414, Ann. Cas. 1917B, 713. If as a result of the Bowers Case the appellant was entitled to reimbursement, it followed that appellant would escape its share of the common burden of taxation if the government was without a remedy. We do not think appellant was immune from a corrective enactment or that such correction was tantamount to confiscation. We cannot believe that it acquired a vested right in the error of governmental agents or that the bar of the statute under such circumstances was equivalent to a tax receipt. The formula for the remedy is not important. It may have been by a repeal of the statute of limitations as in Campbell v. Holt, 115 U. S. 620, 6 S. Ct. 209, 29 L. Ed. 483, or by new legislative construction of an old statute, as in Stockdale v. Atl. Ins. Co., 20 Wall. 323, 22 L. Ed. 348, or by the ratification of an unauthorized act as in U. S. v. Heinszen & Co., 206 U. S. 370, 27 S. Ct. 742, 51 L. Ed. 1098, 11 Ann. Cas. 688, or by any or all such combined. See also Rafferty v. Smith, Bell & Co., 257 U. S. 226, 231, 42 S. Ct. 71, 66 L. Ed. 208; Huntley v. Gile, 32 F.(2d) 857, 859 (C. C. A. 9); Goodcell v. Graham, supra; Reeves, Inc., v. Anderson, supra. In United States v. Burden, Smith & Co., 33 F. (2d) 229 (C. C. A. 5), a different result was reached, but that case was decided June 22, 1929. Goodcell v. Graham, supra; Reeves, Inc., v. Anderson, supra; Oak Worsted Mills v. U. S., supra; 2nd National Bank v. U. S. (Ct. Cl.) 40 F.(2d) 129; as well as Rockland & Rockport Lime Corp. v. Ham, Collector, 38 F.(2d) 239, and American Glue Co. v. U. S., 42 F.(2d) 235, from District Courts of the First Circuit, are all later and in accord with our views.

The judgment of the District Court is affirmed.

*Certiorari denied 51 S. Ct. —, 75 L. Ed. —.