## SOBEL CORRUGATED & WOODEN BOX CO. v. FLEMING.

### No. 10512.

Circuit Court of Appeals, Sixth Circuit.
Jan. 12, 1948.

Howard B. Hirsch, of Cleveland, Ohio (A. L. Kearns and Gaines & Hirsch, all of Cleveland, Ohio, on the brief), for appellant.

Lester Kauffman, of Cleveland, Ohio (Don C. Miller and Lester P. Kauffman, both of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, MARTIN and MILLER, Circuit Judges.

HICKS, Circuit Judge.

Appellant (herein called Sobel) is a manufacturer and jobber of paper board products. By Sec. 1347.406, paragraphs (a) and (b) of Maximum Price Regulation 187, effective July 30, 1942, Sobel was required within twenty-one days after July 29, 1942, to file a pricing formula based upon its costs during the period October 1–31, 1941, and to preserve its records for that period. Again, on November 1, 1943, by Sec. 6(a) and (b) of Revised Maximum Regulation 187, Sobel was required to file a pricing formula within twenty-one days after November 1, 1943, based upon the October 1–31, 1941 period and to preserve its records for that period.

The original complaint filed by the Price Administrator February 28, 1945, charged that Sobel had failed to preserve the required records or to file its pricing formula within the required time and prayed that it be enjoined from making any sales without preserving and filing the records and statements required by MPR 187, and that it be required to file the pricing formula required by Sec. 1347.406 and Sec. 6 of MPR 187 as amended.

Sobel by answer filed March 6, 1945, responded that most of its records were destroyed by fire in September 1941 but such as were preserved were exhibited to investigators of OPA. It admitted that before the filing of the complaint it had not filed a pricing formula within the twenty-one days of July 29, 1942, but averred that it did file a formula on March 3, 1945; and further averred that it had not theretofore operated by formula but only by cost of material, etc., and "especially by the current market prices for other commodities and the bidding of their competitors."

It will be observed that the "formula" filed March 3, 1945 was subsequent to the bringing of the Administrator's suit which carried the prayer for an injunction. The court found that MPR 187 had been revoked and that the issue made up by the original application for an injunction and answer thereto had become moot, and this feature of the case is not before us.

The "formula" filed by Sobel on March 3, 1945, was rejected by OPA as "unacceptable" in a letter dated March 12, 1945, from H. R. Atwater, Price Executive, Paper and Paper Products Branch. On March 27, 1945, Sobel mailed an "amended price formula" through its attorney, which was accompanied by the following explanatory paragraph: *"We appreciate that this is not a price list as intended by the regulations of* OPA *but it is the only thing that we had left to work with. In view of the fact that we at no time had or used a published list or a printed and published list* for use in our business and that * * *, *we merely followed the prices of our competitors in selling our products prior to the inauguration of* OPA *regulations."* (Italics ours.)

On April 18, 1945, Order L–11 issued from the OPA establishing a pricing formula for Sobel which was prefaced by the following paragraph: "It appears that no attempt was made to comply with the filing provisions of this regulation" [MPR 187] "between the time of its issuance in July 1942, and March 5, 1945. On March 5, 1945, and again on March 27, 1945, you forwarded proposed pricing formulae for corrugated paper board boxes to this Office. *You stated that you had no base period records upon which to base a pricing formula,* and that you never before employed a formula, *but based your selling prices on the competitive market.* We have found it impossible to approve the proposed formulae submitted by you because the use of such formulae would result in prices out of line with those prevailing in your market area. It is proper for this Office to establish your maximum prices on the basis of formulae filed by similar manu-

facturers in your own area." (Italics ours.)

This Order L–11 contained the following provisions, to wit:

"It is Ordered:

"(1) The Sobel Corrugated and Wooden Box Manufacturing Company, 3223 E. 55th Street, Cleveland, Ohio, shall determine maximum prices per thousand for sales of its corrugated paperboard products by ascertaining the sum of the factors contained in the following formula: * * *

"This order shall become effective immediately."

It also contained a provision that "it may be amended, modified or revoked at any time."

Following this Order L–11, the amended complaint was filed on June 16, 1945, which carried in Count 2 a prayer for treble damages, pursuant to the provisions of Sec. 205(e) of the Emergency Price Control Act of 1942, Title 50 U.S.C.A.Appendix, § 925(e).

During the course of the litigation and before it was terminated on January 20, 1947, the OPA on September 16, 1945, amended Order L–11 to make it applicable before, as well as after, April 18, 1945, the date of its issuance.

■ Sobel contends that Order L–11, and especially the amendment thereto of September 16, 1945, was retroactive and therefore invalid because it was made applicable to sales occurring before its promulgation. The District Court correctly held that it had no jurisdiction to consider the validity of the order attacked because this question could be determined only by the Emergency Court of Appeals after protest to the Administrator. See Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L. Ed. 834; Shrier v. United States, 6 Cir., 149 F.2d 606. This principle is reiterated by the Emergency Court of Appeals in Collins v. Fleming, 159 F.2d 431, 438, a case upon which Sobel relies heavily. It should be observed that the validity of the questioned order in the Collins case was decided by the Emergency Court of Appeals, after protest to the Administrator, and not in the District Court proceedings.

In our case, Order L–11 and the amendment of September 16, 1946, were not even protested before the Administrator.

In view of our lack of jurisdiction we find no necessity for a discussion of Collins v. Fleming except to say that we have reviewed the facts of that case and conclude that they have no application to the situation here.

■ A retroactive law or regulation in the situation here involved is not in itself bad, if reasonable. Graham & Foster v. Goodcell, 282 U.S. 409, 51 S.Ct. 186, 75 L. Ed. 415; Bankers Trust Co. v. Blodgett, 260 U.S. 647; Wright & Taylor, Inc. v. Lucas, 6 Cir., 45 F.2d 75. That issue has been decided against Sobel's contention in the case of an order in Porter v. Senderowitz, 3 Cir., 158 F.2d 435, in a treble damage case, in which the ignorance of the seller of the level of maximum prices was, as here, due to its failure to supply information required by the regulation. See also Martini v. Porter, 9 Cir., 157 F.2d 35.

■ It cannot be said that the Order L–11 was unreasonable in view of the difficulty that appellee had in acquiring from Sobel data that would be helpful in determining the validity of prices charged by Sobel as related to the selling price.

■ Sobel contends that there was no substantial evidence that its charges were in excess of the selling prices established by the regulation. We think there was such evidence. Appellee's witness, Spindler, an OPA investigator, testified that he made computations of the ceiling prices for items of sale during the period June 5, 1944 to June 4, 1945, and that these computations, showing selling prices according to the formula, and showing the overcharges, were incorporated in Exhibit 3. Investigator Herschill checked these computations of ceiling prices and overcharges. He was asked to tell the court the total amount of the overcharges during the period listed in the interrogatories. His reply was, $13,168.75, a figure slightly higher than that of $12,878.42, reached by Spindler. We think this evidence amply supports the court's finding 9. Sobel's insistence that the base period from which overcharges should be judged was the

prices received by it during October 1941 has no merit, since by its own admission it had no real price list or pricing formula for that period, but largely followed the prices of competitors prior to the OPA period, a method deemed "unacceptable" by OPA. And it was bound by the base established by L–11 since it never protested it to the Administrator. The fact findings of the District Court were not clearly erroneous.

We find no abuse of discretion in the allowance of double damages. This was one-third less than that which might have been allowed under the statute. The record discloses two failures to comply with the appellee's orders, each many months before the original complaint was filed. If the data was not available Sobel might have said so at once but it took no positive action until it was faced with the threat of an injunction.

The judgment of the District Court is affirmed.