**DURFEE & CANNING, Inc., v. SOCONY–VACUUM OIL CO., Incorporated.**

**No. 8367 C. A.**

United States District Court
D. Massachusetts.
July 12, 1950.

I. S. Levin of Fall River, Mass, for plaintiff.

Harry G. Gilbert, Daniel J. Lyne and William A. Ryan, of Lyne, Woodworth & Evarts, all of Boston Mass, for defendant.

FORD, District Judge.

This action, originally brought in the Superior Court for Bristol County, Massachusetts, under the provisions of Mass.G.L. Ch. 231A, as added by St.1945, c. 582, asks for a declaration as to the liability of defendant to plaintiff under an alleged contract between them. The case was removed to this court on the ground of diversity of citizenship, plaintiff being a Massachusetts corporation and defendant a New York corporation. Defendant moves for summary judgment.

The court has before it the complaint and answer, answers to interrogatories filed by both parties, and three affidavits with attached exhibits filed by defendant in support of its motion. The facts in general, as they appear from these papers, are not disputed and may be briefly summarized.

Prior to February 8, 1944 plaintiff was selling gasoline to defendant at an agreed price of 9.7 cents per gallon. On that date, the Administrator, Office of Price Administration, brought an action in this court (Bowles v. Durfee & Canning, Inc., Civil Action, 2658) seeking to enjoin the present plaintiff from selling gasoline in excess of 9.4 cents per gallon. On February 24, 1944 a stipulation was entered into by the parties to that action whereby Durfee & Canning, Inc., agreed that until further order of the court it would not sell gasoline at a price in excess of 9.4 cents per gallon. The case was tried once to the court and a new trial was later allowed. The second trial was never held, and on July 22, 1948 the case was dismissed on stipulation of counsel for the United States and Durfee & Canning, Inc.

On or about September 9, 1943 the Office of Price Administration established 9.4 cents per gallon as the maximum price for sale by plaintiff of so-called "regular" gasoline f. o. b. Tiverton, Rhode Island, where delivery was into barge or motor transport. The gasoline sold by plaintiff to defendant was ordered by defendant as "regular" gasoline. Plaintiff delivered to defendant its so-called "special blend" of gasoline which it apparently contended was not subject to the price established for "regular" gasoline. On March 15, 1944 plaintiff applied for the establishment of a higher maximum price for its "special blend". The OPA on April 8, 1944 denied the application on the ground that the specifications for the "special blend" did not indicate that it was a different product from the regular gasoline for which there was an established maximum price.

On January 8, 1945 plaintiff asked the OPA for a maximum selling price for regular gasoline delivered into barges. On January 11, 1945 plaintiff was directed to furnish the OPA with information necessary for the establishment of such a price under section 8.3 of Maximum Price Regulation No. 88. On February 9, 1945, plaintiff having failed to furnish this information or apply for the establishment of a price under section 8.3, the OPA on its own motion issued Letter Order L-62, fixing plaintiff's selling price for regular grade gasoline delivered into barges retroactively at 9.3 cents per gallon up to August 15, 1944, and at 9.175 cents per gallon on and after that date.

The present action involves over 29,000,000 gallons gasoline sold by plaintiff to defendant between February 24, 1944 and August 31, 1945, delivered at Tiverton, Rhode Island, some of it into trucks, but most of it into barges. Following the previously mentioned stipulation of February 24, 1944, plaintiff billed this gasoline to defendant at 9.4 cents per gallon, until August 15, 1944, and thereafter at 9.275 cents. Defendant paid for the gasoline at the above prices.

Plaintiff now claims defendant is liable for a payment of 3/10 of one cent per gallon on all this gasoline, on the basis of an agreement allegedly made by them on or about February 24, 1944, whereby in view of the stipulation entered into on that date by the plaintiff with the Administrator plaintiff was to bill the gasoline to defendant at 9.4 cents subject to adjustment to 9.7 cents under certain conditions. The par-

ties are not in agreement as to what those conditions were. Plaintiff says that terms of the contract were correctly stated in the notice which it placed on its invoices sent to defendant, viz., "The above invoice price is subject to adjustment from 9.4 cents to 9.7 cents per gallon depending on disposition of pending OPA maximum price litigation." Defendant says that the agreement was as stated in its letters to plaintiff confirming purchase arrangements for the gasoline, viz., "Said price is subject to adjustment to 9.70¢ a gallon * * * in the event that the Office of Price Administration approves said increased price."

The question is whether in the light of this dispute of fact as to the terms of the agreement, this is a proper case for summary judgment. It seems that it is, for regardless of what finding might ultimately be made as to this disputed factual question, judgment in any case would have to be for defendant. If, after hearing the evidence, the court should find that not only are the parties now in disagreement as to what their contract was, but that at the time of the arrangement made in February, 1944, they were not in accord as to what the terms were to which they gave assent, then, of course, there was no contract, and, therefore, no rights nor liabilities under it for this court to determine. It is equally true that if, as defendant contends, the agreement was that the payment of an additional 3/10 of one cent per gallon was conditioned on approval by the OPA, then judgment must be for defendant, since it is agreed that such approval was never given.

There remains the possibility that plaintiff, given the opportunity, could show that its version of the alleged contract is the correct one. There would then be a problem of deciding what was meant by making the price adjustment conditional on the "disposition" of the then pending enforcement litigation. If this required any decision on the merits, favorable to defendant, it is clear that the condition was not fulfilled. Assuming, however, that all that was necessary was any sort of termination of the case which did not involve a decision

that Durfee & Canning, Inc., had violated the law by charging in excess of 9.4 cents per gallon for the gasoline, plaintiff's case will still not be aided.

There remains the fact that the OPA had fixed the selling price of plaintiff's regular gasoline at 9.4 cents per gallon as early as 1943, and that by Letter Order L-62 had determined the maximum price for regular gasoline loaded in barges to be 9.3 cents per gallon until August 15, 1944 and 9.175 cents thereafter. The OPA had also determined that the gasoline involved here was in fact regular gasoline and was governed by the prices established for regular gasoline. Any agreement to pay 9.7 cents per gallon upon a disposition of pending litigation that in no way affected the validity of those orders, would be an agreement to pay in excess of the established maximum price and therefore illegal.

Plaintiff, however, contends that Letter Order L-62 fixing the price for gasoline loaded in barges (which constituted the greater part of the deliveries here involved) is invalid, since the OPA had lost its jurisdiction to establish maximum prices for plaintiff's gasoline once it brought an enforcement action in this court. In this, it relies on the decisions in Collins v. Fleming, Em.App., 159 F.2d 431 and Senderowitz v. Clark, Em.App., 162 F.2d 912. There are two answers to this contention that Letter Order L-62 is invalid. First, this court has no power to declare such an order invalid. This could only be done by the Emergency Court of Appeals after protest to the Administrator. Yakus v. United States, 321 U.S. 414, 429, 64 S.Ct. 660, 88 L.Ed. 834; Lockerty v. Phillips, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339; Sobel Corrugated & Wooden Box Co. v. Fleming, 6 Cir., 165 F.2d 568. Second, the cases cited are inapplicable to the present facts. They hold only that once the OPA had begun enforcement proceedings, it could not thereafter issue any order retroactively fixing maximum prices for the sales involved in those proceedings. But none of the sales involved in this case was involved in the prior enforcement proceed-

ings in this court against Durfee & Canning, Inc. They were all made after the institution of that action, and in accordance with the stipulation entered into in connection with that action. The Collins and Senderowitz cases do not purport to cover such a situation nor does the rationale of those cases require an extension of their rule to the present case. Those cases rested on the ground that having committed a case to the court, the Administrator could not thereafter invade the province of the court by using retroactive orders directed to the subject matter of the pending action as a vehicle for deciding questions which were then before the court for determination. This does not require a holding that the Administrator by bringing an action based on certain past transactions thereby lost all power to control prices in like transactions not involved in the action.

It is true that Judge Magruder concurring in Senderowitz v. Clark, supra, was of the opinion that the order involved in that case was invalid as to all sales prior to its issuance. His view was based on the fact that that order set aside a price which the seller had correctly computed in accordance with the Administrator's regulations and as to which the Administrator had stated that adjustments would not be applied retroactively. Here, however, the plaintiff failed to take any step to determine a price under the provisions of section 8.3 of Maximum Price Regulation 88 which the OPA had pointed out to plaintiff as being applicable, and the OPA in issuing Letter Order L-62 acted under the provisions of section 8.3(b) which permitted the OPA to issue an order effective retroactively.

This case is therefore one in which, on any view of the disputed facts, defendant is not liable for payment of the additional 3/10 of one cent per gallon claimed by plaintiff and so is a proper case for the entry of summary judgment.

Defendant's motion for summary judgment is allowed.