**DURFEE & CANNING, Inc. v. SOCONY–VACUUM OIL CO., Inc.**

No. 8367.

United States District Court
D. Massachusetts.

Dec. 11, 1950.

I. S. Levin, Fall River, Mass., for plaintiff.

Harry G. Gilbert, Daniel J. Lyne, William A. Ryan, Lyne, Woodworth & Evarts, Boston, Mass., for defendant.

FORD, District Judge.

On July 15, 1950 this court entered judgment for the defendant on its motion for summary judgment, 91 F.Supp. 819. On August 14, 1950 it allowed plaintiff's motion to vacate judgment and gave plaintiff leave to file affidavits in opposition to the defendant's motion. One was filed on behalf of the plaintiff.

On November 15, 1950 this court heard the parties further on the defendant's motion.

Plaintiff argues it is entitled to a determination of fact as to whether its facilities in Tiverton were a tanker terminal. This issue appears to have been settled by Letter Order L-62, dated February 9, 1945, referred to in the court's original memorandum. Implicit in that order by the Office of Price Administration is a ruling that the plaintiff's facilities were a tanker terminal. Furthermore, the order was directed to plaintiff by name and address and, as defendant contends, the order was applicable to plaintiff. Its validity could be attacked only in the Emergency Court of Appeals. Fleming v. Phoenix Chair Co., 7 Cir., 168 F.2d 3, 6; Fleming v. Dashiel, 9 Cir., 161 F.2d 612, 613.

Plaintiff contends further that there is a genuine issue of fact as to whether the plaintiff sold to defendant regular gasoline, which it has already been found was ordered by defendant, for which the price was fixed by the Office of Price Administration on September 9, 1943 (cf. Letter Order L-62), or a "special blend", as it was referred to in its motion to vacate judgment, or natural gasoline, as it was referred to by plaintiff at this hearing, the price of which plaintiff contends was fixed by plaintiff as a result of a formula set forth in a letter dated August 19, 1944, sent to plaintiff by the Acting Price Executive of the Petroleum Branch of the Office of Price Administration. In this communication the Administrator refused approval of a tentative maximum price fixed by plaintiff for this natural gasoline. This letter also stated that prior to sale or delivery of the product, cost of the product at source, or delivered cost if purchased delivered-at-destination should be certified to the Regional Office for approval. No such certification was made by plaintiff and, consequently, no ceiling price for natural gasoline as such was established.

Previous to the letter of August 19, 1944, in response to an application of plaintiff dated March 15, 1944, the Price Executive of the Petroleum Branch, Office of Price Administration, on April 8, 1944, denied an application for a maximum price for plaintiff's "special blend" gasoline higher than that for regular grade gasoline. That application described the "special blend" as "75% natural and 25% regular Housebrand." The Price Executive stated that "The specifications for your 'special blend' motor fuel do not indicate that it is a different product from regular grade gasoline." This was evidently a ruling that the so-called "special blend" was the same product as regular grade gasoline ordered by defendant and, if so, it was binding until set aside by the Emergency Court of Appeals.

It follows that if the letter of April 8, 1944 issued by the Price Executive of the

Petroleum Branch was such a ruling, the plaintiff cannot prevail in this suit, as the ceiling price for regular gasoline was fixed at most at 9.4 cents a gallon. If it was not such a ruling, it cannot recover if what it sold was a "special blend" or a natural gasoline different from its regular grade, since no ceiling price was fixed by OPA for these grades and it would have been illegal to sell them without having obtained a ceiling price.

The entry will be judgment for defendant.